THOMSON-HOUSTON ELECTRIC CO. v. WESTERN ELECTRIC CO.

(Circuit Court of Appeals, Second Circuit. November 6, 1907.)

No. 64.

APPEAL—INTERVENTION IN APPELLATE COURTS—PATENT SUIT.

A Circuit Court of Appeals will not permit an intervention in a patent cause which is ready for hearing on appeal for the purpose of having the case remanded for the taking of further proofs, on the ground of collusion between the parties, where the record does not support such charge, and where the petitioner had full opportunity to intervene in the court below.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 1836.]

Appeal from the Circuit Court of the United States for the Southern District of New York.

On petition of Sterling-Meaker Company to intervene.

Wm. A. Jenner, for petitioner.

L. F. H. Betts, D. C. Turner, George P. Barton, George E. Folk (Thomas B. Kerr, of counsel), for respondent.

Before COXE, WARD, and NOYES, Circuit Judges.

PER CURIAM. This is a petition presented by the Sterling-Meaker Company, after this cause was reached on the regular call of the calendar and is ready for argument, asking that the petitioner be permitted to intervene, and that the cause be remanded to the Circuit Court to take testimony upon the question of the complainant's laches. The petitioner was fully informed of the pendency of this action, and declined an opportunity to intervene when the case was pending in the Circuit Court.

The basis of this application is collusion between the parties to the suit. Upon an examination of the record we are unable to find any proof to sustain the charge of collusion. The most that can be said is that the testimony bearing upon the question of laches was not presented as fully as it might have been. The proof is wholly insufficient to warrant the extraordinary relief asked for by the petitioner, assuming the power of the court to grant such relief.

The petition is denied.

The court will be glad to receive a brief from the petitioner's counsel if he desires to present one at or subsequent to the argument.