THOMSON-HOUSTON ELECTRIC CO. v. STERLING-MEAKER CO.

(Circuit Court, D. New Jersey. June 29, 1909.)

PATENTS (§ 328*)—INVENTION—CONTACT DEVICE FOR ELECTRIC RAILWAYS.

The Van Depoele patent, No. 495,383, for an overhead contact device for electric railways, claims 1, 2, 3, 8, 9, 11, 12, and 13 are void for lack of invention, in view of patent No. 424,695, to the same patentee.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On final hearing.

L. F. H. Betts and Ramsay Hoguet, for complainant
Stephen J. Cox, for defendant.

LANNING, Circuit Judge. One of the questions presented in this cause is whether claims 1, 2, 3, 8, 9, 11, 12, and 13 of patent No. 495,-383 are valid. Claims 11, 12, and 13 were held invalid in 1895 by the Circuit Court for the District of Connecticut, and in 1898 by the Circuit Court for the Southern District of New York, on the ground that no patentable invention was disclosed by them. See Thomson-Houston Electric Co. v. Winchester Avenue Railway Co., 71 Fed. 192, and Thomson-Houston Electric Co. v. Union Railway Co., 87 Fed. 879. Notwithstanding these two cases were in the same circuit, Judge Shipman, in the latter of them, made an independent examination of the question concerning the patentability of these three claims and sustained the conclusion of Judge Townsend in the former case. Satisfied that the patent sets forth a decided improvement in the art of electric car propulsion, and desirous of sustaining it if I could find reasonable support in the law for so doing, I have followed the example of Judge Shipman and independently examined the claims and their history.

The patent in suit is for new and useful improvements in overhead contact devices and switches for electric railways, invented by Charles J. Van Depoele. That Van Depoele made most important improvements in the art of electric car propulsion is not disputed. The application for what is called his basic patent for improvements in contact devices and switches was filed on March 12, 1887; but he received no patent on that application until April 11, 1893, when patent No. 495,443 was granted. While the application was pending in the patent office, and because it had become involved with certain interferences as to a part of its claims, the claims not so involved or some of them were "divided out" and embodied in separate applications. These separate applications were filed on October 22, 1888, and March 21, 1889, and resulted in the grant of patents Nos. 424,695 and 424,910, on April 1, 1890, a little more than three years before the so-called basic patent, No. 495,443, on the original application, was granted. In the specification of patent No. 424,695, and in certain of its claims, there is described a combination of an overhead conductor (trolley wire), a vehicle (trolley car), and a trailing contact arm (trolley pole), hinged on a support and provided with a spring or weight at its shorter end, which serves to press the grooved wheel at the longer end upwardly against the conductor, and also, after the car has turned a curve, to bring the arm back into a plane coincident with the longitudinal center of the car. The feature of this patent to which attention is now directed is the tension device which subserves the double purpose of exerting a centralizing tendency upon the arm and maintaining contact between the grooved wheel and the conductor. This feature of the patent was sustained by the Circuit Court for the Southern District of New York in Thomson-Houston Electric Co. v. Elmira Railway Co., 69 Fed. 257, and by the Circuit Court of Appeals of the Second Circuit in the same case on appeal, 71 Fed. 396, 18 C. C. A. 145.

The effort to sustain patent No. 495,443—the so-called basic patent—resulted in failure; the Circuit Court of Appeals of the Second Circuit holding that the tension device therein described was none other than the one described in patent No. 424,695. Thomson-Houston Electric Co. v. Hoosick Railway Co., 82 Fed. 461, 27 C. C. A. 419. Later an application for a reissue of this patent was made. The reissue, No. 11,872, was granted on November 13, 1900; but it, too, has been adjudged to be void. Thomson-Houston Electric Co. v. Sterling-Meaker Co. (C. C.) 150 Fed. 589, and 158 Fed. 813, 86 C. C. A. 73.

Between March 12, 1887, when the application for the so-called basic patent, No. 495,443, was filed, and October 22, 1888, when the divisional application for patent No. 424,695 was filed, namely, on November 15, 1887, Van Depoele verified by his affidavit another application for a patent, which application he filed on June 18, 1888. That application is the one on which patent No. 495,383—the one now in suit—was granted, and its date is April 11, 1893, being the same as the date of the so-called basic patent. It does not purport to be a division of the application filed on March 12, 1887, but it does purport to set forth improvements upon the invention described in that application. It clearly contains a feature not expressly described in the so-called basic patent, No. 495,443, or in its divisional patent, No. 424,695. In the other Van Depoele patents there was a centralizing tension device which restricted the lateral movement of the trolley pole. In the patent in suit there is free rotatability of the trolley pole about its support, so that when a car reaches the end of its route, instead of turning it on a turntable or a circular track, or unhooking or disconnecting the trolley pole, swinging it around, and again rehooking or reconnecting it, as must be done when the devices described in the other Van Depoele patents above mentioned are used, all that need be done is to swing the trolley pole around 180 degrees. It is claimed, too, that by this free rotatability electrical contact at sharp curves on high speed is more certainly preserved. This new feature, it is urged, is a marked improvement, and an able argument has been made to establish its patentability. But, after careful consideration of the proofs and the arguments, I find myself forced, as to claims 11, 12, and 13, to the same conclusion expressed by Judges Townsend and Shipman. In patent No. 424,695, granted three years prior to the granting of the patent in suit, the combination of the patent in suit, except as to free rotatability of the trolley pole, was shown. The only important change necessary to secure that rotatability was to attach the tension spring at the short end of the trolley pole to a rotatable support for the trolley pole, rather than to some fixed part of the car. Such a change did not involve invention. As was said by Judge Shipman (87 Fed. 882):.

"When Van Depoele had advanced to the point of his improvement where he said, 'I must advance another step and make the contact arm freely rotate,' the universality of mechanism of this sort made the mechanical task an easy one."

Claims 1, 2, 3, 8, and 9 may be briefly disposed of. They are as completely devoid of patentable novelty as are claims 11, 12, and 13. Their principal distinguishing feature is a free lateral swing of the

trolley arm. That may be secured, as above shown, simply by attach-ing the tension spring of patent No. 424,695 to the rotatable support. It is unnecessary to consider any of the other defenses presented.

The bill must be dismissed, with costs.