GILSON *v.* UNITED STATES.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 207. Submitted May 6, 1914.—Decided June 8, 1914.

The settled rule of this court that the concurring findings of two courts below will not be disturbed, unless shown to be clearly erroneous, applies where the evidence is taken before an examiner. *Texas & Pacific Railway Co.* v. *Louisiana Railroad Commission*, 232 U. S. 338.

*Quære,* as to what is the effect on a commuted homestead entry under § 2301, Rev. Stat., of an agreement for alienation made after entry and before commutation; and see *Bailey* v. *Sanders,* 228 U. S. 603. 185 Fed. Rep. 484, affirmed.

THE facts, which involve the validity of a patent of the United States for a tract of land issued under a homestead entry, are stated in the opinion.

*Mr. Wade H. Ellis, Mr. Ira P. Englehart, Mr. Allen S. Davis* and *Mr. George B. Holden* for appellant:

The evidence having all been taken before a special master, the rule that appellate courts will give great weight to findings of trial courts on questions of fact does not apply.

After Landis had made his homestead filing, he had a right to make an agreement to sell the land and then commute his entry and purchase the land. He did not make final proof under the homestead statute, but purchased the land under § 2301 of Revised Statutes. *Adams* v. *Church,* 193 U. S. 510; *Williamson* v. *United States,* 207 U. S. 425.

The evidence is insufficient to justify the conclusion that there was any agreement between Landis and Gilson before Landis filed on the land that Landis was to sell the land to Gilson. Even though Landis was guilty of fraud, there is insufficient evidence that Gilson was a party thereto to authorize cancellation of patent after title thereto has vested in him.

*Mr. Assistant Attorney General Knaebel* and *Mr. S. W. Williams* for the United States.

MR. JUSTICE PITNEY delivered the opinion of the court.

This is an equity action brought by the United States against appellant to cancel a patent issued to one Daniel

Landis for a tract of one hundred and twenty acres of land in Yakima County, in the State of Washington, afterwards conveyed by Landis to appellant. Landis made a homestead entry in November, 1899, under § 2289 of the Revised Statutes as amended by act of March 3, 1891, c. 561, 26 Stat. 1095, 1098; in November, 1902, he commuted the entry and purchased the land under § 2301 as amended by the same act; and in July, 1903, he received a patent. Upon the day on which he made the commutation entry he gave a mortgage upon the land to appellant, and from that date ceased to live upon it, and as soon as the patent was issued he made the conveyance to appellant. The grounds of the action were: that Landis did not enter the land in good faith, but for the purpose and with the intent of acquiring title to it for appellant and at his instigation; that the residence and improvements were not sufficient; that the affidavit upon which Landis' original application was allowed was false and fraudulent, in that he did not make the application in good faith for the purpose of actual settlement and cultivation, but made it for the benefit of appellant, with whom the entryman was then acting in collusion for the purpose of giving to appellant the benefit of the entry; that the proof of settlement and cultivation offered in support of the commutation entry was false and fraudulent, in that the entryman had not made settlement in November, 1899, or at any other time, had not built a house, except a partially completed shanty, had not resided on the land, and had not broken thirteen acres and cultivated three acres as alleged in his final proofs; and that the statement made in his affidavit that he had not alienated any part of the land was also false, in that he had alienated or agreed to alienate it to appellant.

The trial court found that Landis made the homestead entry at appellant's instigation and for his benefit; that the evidence on which the register and receiver allowed

the commutation entry included sworn statements by Landis and two witnesses to the effect that the claimant had lived continuously on the land and made improvements, including a corral and chicken house, and that he had cultivated three acres for three seasons; that this was a false statement, there having been no plowing or cultivation except during the third year; that the land was dry sage-brush land, not productive without irrigation; that Landis made only a pretence of settlement and a show of improving the land, in order to satisfy the scruples of the witnesses upon whom he depended to make final proof; and further, that appellant was cognizant of every detail of the transaction from its inception to the issuance of patent, and, indeed, directed the proceedings at every step, and therefore could not claim to be a *bona fide* purchaser.

The Circuit Court of Appeals concurred in this view of the facts, and therefore sustained the conclusion reached by the trial court that the patent should be canceled, without finding it necessary to consider the question of law, suggested by appellant, that inasmuch as final proof was not made under § 2291 but under § 2301 of the Revised Statutes, the fact that the claimant had made an agreement before commutation to convey the land to another would not affect the validity of the title obtained from the United States, because § 2301 prescribes as requisite to commutation, proof only that the entryman has made settlement, cultivation, and residence for fourteen months, and does not require him to make oath that he has not alienated any portion of the land. The decree was affirmed (185 Fed. Rep. 484), and the present appeal was taken.

Upon the question of fact as to the fraudulent nature of the proof upon which the commutation entry was allowed, we have the concurring findings of two courts, which, according to the settled rule, will not be disturbed by this court unless clearly shown to be erroneous. *Stuart*

v. *Hayden,* 169 U. S. 1, 14; *Towson* v. *Moore,* 173 U. S. 17, 24; *Dun* v. *Lumbermen's Credit Assoc.,* 209 U. S. 20, 23; *Washington Securities Co.* v. *United States, ante,* p. 76.

In behalf of appellant it is urged that this rule does not apply where the evidence is taken before an examiner, as was done in this case. The rule, however, is subject to no such exception; indeed, prior to the adoption of the new Equity Rules (226 U. S., Appendix, Rule 46), the evidence in equity actions was usually taken before a master or examiner. And in *Texas & Pacific Ry.* v. *Louisiana Railroad Commission,* 232 U. S. 338, where the findings of the special master who heard the testimony were set aside by the Circuit Court, and the conclusions of that court were concurred in by the Circuit Court of Appeals, we deemed the case a proper one for applying the general rule.

In the present case, not only does the argument submitted in behalf of appellant fail to show clear ground for disturbing the concurring findings of the two courts, but it raises no reasonable doubt of their correctness.

This renders it unnecessary to deal with the question raised as to the effect of an agreement for alienation made after entry and before commutation. However, it is settled adversely to the contention of appellant by our recent decision in *Bailey* v. *Sanders,* 228 U. S. 603, 608.

*Decree affirmed.*