## CAUSEY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 197.   Argued January 26, 1916.—Decided March 6, 1916.

The rule, that findings of fact concurred in by the Master and both courts below should not be disturbed unless clearly erroneous, applied in this case to findings that the original entryman had entered into an unlawful agreement and fraud to pass title when acquired to another.

It is immaterial in such a case whether a homestead entry is perfected by five years' residence and cultivation or by commutation and payment of minimum price, as an agreement to obtain the land for another disqualifies the entryman from acquiring the title in either mode.

While there is no controlling statute, and it is therefore essential that a suit in the name of the United States to cancel a homestead patent be brought with the approval of the Attorney General, that objection, in this case, is met by the fact that the United States is represented in this court by an assistant attorney general and the production of a letter of the Attorney General authorizing the suit.

This court may infer in the circumstances of this case that the letter was exhibited in the courts below to meet the objection that the case was brought without the sanction of the Attorney General.

The United States, in disposing of its public lands, is not on the same plane as a mere seller of real estate at market value; questions of enforcement of statutes and of public policy are involved in suits to cancel patents and the rule applicable to private contracts that the vendor seeking to rescind must be ready to return the consideration does not apply to the Government in such a suit.

A wrongdoer, whose patent to land is cancelled by reason of his own fraud, must restore the land and abide the judgment of Congress as to whether the consideration he paid shall be refunded.

THE facts, which involve the validity of an entry of and patent for public lands under the homestead laws, are stated in the opinion.

*Mr. T. Marshal Miller* for appellant.

*Mr. Assistant Attorney General Knaebel,* with whom *Mr. S. W. Williams* was on the brief, for the United States.

Mr. Justice Van Devanter delivered the opinion of the court.

This is a suit by the United States to recover the title to 157.77 acres of land in Ascension Parish, Louisiana, patented to Powhatan E. Causey and by him transferred to James L. Bradford. While the land was yet public, Causey secured a preliminary homestead entry thereof by taking an oath, as was required, that he had not directly or indirectly made, and would not make, any agreement whereby the title which he might acquire would inure in whole or in part to the benefit of another. After the expiration of fourteen months he secured a final entry under the commutation provision of the homestead law by presenting proof that he had not sold or contracted to sell any part of the land, and by paying therefor in so-called scrip at the rate of $1.25 per acre. Pursuant to the final entry the land was patented to him, and he transferred it to Bradford. As grounds for the suit the bill charges that the oath and proof whereby the entries were secured were false in that when Causey applied for the preliminary entry he had entered into an agreement with one Wright, a clerk and agent of Bradford, whereby the title when acquired was to be passed to the latter, that both entries were made in pursuance of this unlawful agreement and were therefore fraudulent, and that Bradford took the transfer from Causey under the agreement and with full knowledge of the fraud perpetrated upon the Government. It also is alleged that in virtue of an arrangement with Bradford, Causey is claiming an interest in half of the land. With Bradford's

consent a decree was entered against him. Causey answered denying the unlawful agreement and fraud, and the suit was referred to a master, who found the facts to be as charged in the bill. The findings were sustained by the District Court, which entered a decree against Causey, and the decree was affirmed by the Circuit Court of Appeals. 203 Fed. Rep. 1022.

Complaint is made of the findings. They were concurred in by the master and both courts, and therefore should be permitted to stand unless shown to be plainly erroneous. *Washington Securities Co. v. United States,* 234 U. S. 76, 78; *Gilson v. United States,* 234 U. S. 380, 383. Testing them by the evidence we discover no plain error, but, on the contrary, that they are amply sustained.

That the title was acquired by substituting the minimum price of the land for a part of the required five years of residence and cultivation, as permitted by the commutation provision of the homestead law, is not material, for the agreement to obtain the land for the benefit of another disqualified Causey from acquiring the title in either mode. *Bailey v. Sanders,* 228 U. S. 603, 608; *Gilson v. United States,* 234 U. S. 380, 384.

The bill, while purporting to be brought in the name and for the benefit of the United States, and bearing the signature of the assistant United States attorney for the district, does not state or show that it is brought with the sanction of the Attorney General, and because of this it is objected, as it was in both courts below, that the bill should not be entertained but dismissed. In the absence of a controlling statute, and there is none, it is essential to such a suit that it be brought with the Attorney General's approval; and while the usual and better practice is to state or show in the bill that it is brought with his approval, this is not indispensable. The case is argued here on behalf of the Government by one of the Assistant Attorneys General, who files a certified copy of a letter

from the Attorney General authorizing the institution of the suit conformably to a request of the Secretary of the Interior. This sufficiently meets the objection, especially as it is fairly inferable that the letter was exhibited in the courts below. *United States* v. *Throckmorton*, 98 U. S. 61, 70; *McLaughlin* v. *United States*, 107 U. S. 526, 528; *Mullan* v. *United States*, 118 U. S. 271, 276; *United States* v. *San Jacinto Tin Co.*, 125 U. S. 273, 278–287.

The further objection is made that the bill cannot be maintained because it does not contain an offer to return the scrip received when the commuted entry was made. The objection assumes that the suit is upon the same plane as if brought by an individual vendor to annul a sale of land fraudulently induced. But, as this court has said, the Government in disposing of its public lands does not assume the attitude of a mere seller of real estate at its market value. These lands are held in trust for all the people; and in providing for their disposal Congress has sought to advance the interests of the whole country by opening them to entry in comparatively small tracts under restrictions designed to accomplish their settlement, development and utilization. And when a suit is brought to annul a patent obtained in violation of these restrictions, the purpose is not merely to regain the title but also to enforce a public statute and maintain the policy underlying it. Such a suit is not within the reason of the ordinary rule that a vendor suing to annul a sale fraudulently induced must offer and be ready to return the consideration received. That rule, if applied, would tend to frustrate the policy of the public land laws; and so it is held that the wrongdoer must restore the title unlawfully obtained and abide the judgment of Congress as to whether the consideration paid shall be refunded. *United States* v. *Trinidad Coal Co.*, 137 U. S. 160, 170–171; *Heckman* v. *United States*, 224 U. S. 413, 447. And see Rev. Stat., § 2362; Act June 16, 1880, c. 244, § 2, 21 Stat.

287; *Hoffeld* v. *United States*, 186 U. S. 273; *United States* v. *Commonwealth Trust Co.*, 193 U. S. 651; *United States* v. *Colorado Anthracite Co.*, 225 U. S. 219.

*Decree affirmed.*