## BUCKMAN et ux. v. JEFFERSON STANDARD LIFE INS. CO.*

### No. 6817.

Circuit Court of Appeals, Fifth Circuit.
March 13, 1933.

J. L. Doggett, of Jacksonville, Fla., for appellants.

*Rehearing denied April 24, 1933.

Lucien H. Boggs, Richard P. Daniel, and Frank Thompson, all of Jacksonville, Fla., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was a bill in equity filed by the appellee in November, 1930, for the foreclosure of a real estate mortgage to it, dated May 16, 1928, given by the appellants to secure a debt which was payable in ten installments, which, respectively became due at intervals of six months after the date of the mortgage, the last installment being payable on May 16, 1933; the mortgage providing for unpaid installments becoming due and payable forthwith upon a failure to pay any installment within thirty days after it becomes due, and for the mortgage becoming subject to foreclosure upon the happening of such default. It was alleged and proved that installments which became due, respectively, on May 26, 1929, November 26, 1929, and May 26, 1930, were past due and unpaid when the bill was filed. An amended answer, which was filed more than a month after the date of the filing of the original answer to the bill, set up as a defense that the appellee, on or about June 15, 1928, by its duly authorized named agent, for an alleged valid consideration, agreed to extend the time of payment of the principal and interest of the secured debt, so that the entire amount of the principal and interest secured by the mortgage should and would become due and payable on May 26, 1933, and that appellee would pay all state and county taxes on the mortgaged property. The special master, who was appointed to take the evidence in the case and ordered to report his findings of law and fact, found and reported that the above-mentioned alleged extension agreement was not established by the evidence. The court overruled exceptions to the report of the special master, approved the special master's above-mentioned finding, and entered a decree foreclosing the mortgage. That decree is challenged on the ground that the alleged extension agreement was proved by the evidence adduced.

A master's findings of fact concurred in by the trial court will not be disturbed on appeal, unless shown to be plainly erroneous. Causey v. United States, 240 U. S. 399, 36 S. Ct. 365, 60 L. Ed. 711. A consideration of the evidence with reference to the alleged extension agreement has resulted in the conclusion that, instead of the finding that the

alleged agreement was not established being plainly erroneous, that finding was fully warranted by the evidence. The record shows no error.

The decree is affirmed.