**DARGER et al. v. HILL et al.** *
No. 7656.

Circuit Court of Appeals, Ninth Circuit.
March 12, 1935.

GARRECHT, Circuit Judge, dissenting.

Harold M. Stephens, Asst. Atty. Gen., Peirson M. Hall, U. S. Atty., and Clyde Thomas, Asst. U. S. Atty., both of Los Angeles, Cal., Carl McFarland, Mac Asbill, and A. H. Feller, Sp. Assts. to Atty. Gen., and Jerome N. Frank, Gen. Counsel, Agricultural Adjustment Administration, Arthur C. Bachrach, Sp. Advisor to Gen. Counsel, AAA, John J. Abt, Chief of Litigation Section, AAA, Donald B. MacGuineas, and M. Camper O'Neal, Attys., AAA, all of Washington, D. C., for appellants.

Lewis D. Collings, Edward M. Selby, and H. C. Johnston, all of Los Angeles, Cal., for appellees.

Before WILBUR and GARRECHT, Circuit Judges, and CAVANAH, District Judge.

WILBUR, Circuit Judge.

This is a companion case to Berdie et al. v. Kurtz et al. (C. C. A.) 75 F.(2d) 898, filed on March 4, 1935.

Appellees are the owners of four dairies which distribute milk and cream at whole-

*Rehearing denied April 22, 1935.

sale and retail in and about Los Angeles, Cal. Appellant Darger is the Market Administrator appointed by the Secretary of Agriculture to supervise the operation of the Los Angeles Milk License. Appellant Hunter was appointed by the secretary to act as presiding officer at the administrative hearings (the holding of which was enjoined by the order appealed from) to take evidence of alleged violations by appellees of the Los Angeles Milk License. Appellants Hadley and Morrison were appointed by the Secretary of Agriculture to represent him at the administrative hearings and to present evidence of such alleged violations.

The facts of this case are very similar to those of Berdie et al. v. Kurtz (C. C. A.) 75 F.(2d) 898. The same section of the Agricultural Adjustment Act (section 8 (3), 7 USCA § 608 (3) and the same licenses and regulations issued by the Secretary of Agriculture are involved. The bill of complaint alleges that the Secretary of Agriculture issued orders to show cause against each of the appellees; that they thereafter filed their answers thereto and that the hearings were then set by the secretary. The bill further alleges that the hearing as to one of the appellees was commenced on July 19th, but was adjourned, before its conclusion, to July 24th. Because of the entry of the temporary restraining order in this case, no further administrative proceedings have been taken against any of the appellees since July 24th. In this case the licenses of appellees have not as yet been revoked.

It is contended by appellants that the bill of complaint fails to allege facts showing any danger of irreparable injury to appellees. Appellants argue that unless and until appellees' licenses are revoked by the Secretary of Agriculture there can be no penalties imposed upon appellees and that neither the appellees nor the court below could anticipate that the secretary will exercise his discretion to revoke appellees' licenses. We decided in the companion case that, as to those engaged solely in intrastate commerce, the Agricultural Adjustment Act (7 USCA § 601 et seq.), under which the Secretary of Agriculture purports to act, does not authorize the secretary to issue licenses or regulations. Appellees being engaged solely in intrastate commerce are not bound to obey the regulations promulgated by the Secretary of Agriculture. It is clear that the moment the regulations were adopted they purported to regulate nearly every detail of the business of appellees. These regulations, thus interpreted, deprive the appellees of a constitutional right to engage in a lawful business and make the necessary contracts incident thereto. The licensing of the business of appellees and the proceedings instituted by the orders to show cause issued by the Secretary of Agriculture, looking to an administrative hearing held by appellants and the eventual revocation of their licenses and the imposition of penalties if they proceed in business thereafter, are without warrant in law. Under such circumstances, we think it clear that the action is maintainable. In support of this conclusion we cite without further discussion Euclid v. Amber Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016; Pierce v. Society of Sisters, 268 U. S. 510, 45 S. Ct. 571, 69 L. Ed. 1070, 39 A. L. R. 468; Work v. Louisiana, 269 U. S. 250, 46 S. Ct. 92, 70 L. Ed. 259; Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169.

Appellants also claim that this suit for an injunction is premature because appellees have not exhausted the administrative remedies afforded them.

Section 8, subd. (3), 7 USCA § 608 (3), provides as follows: "The Secretary of Agriculture may suspend or revoke any such license, after due notice and opportunity for hearing, for violations of the terms or conditions thereof. Any order of the Secretary suspending or revoking any such license shall be final if in accordance with law. Any such person engaged in such handling without a license as required by the Secretary under this section shall be subject to a fine of not more than $1,000 for each day during which the violation continues."

This proceeding does not furnish a remedy to the distributor who was not engaged in interstate commerce and who was not required by the statute or by the regulations to procure a license, and therefore is inapplicable to the appellees. The appellants also rely on certain regulations promulgated by the Secretary of Agriculture approved by the President of the United States on January 3, 1934, and particularly sections 600, 605 thereof. These sections authorize the person licensed under the Agricultural Adjustment Act who considers himself aggrieved by the condition of the license to make an application for modification thereof and for hearing on such application, at the discretion of the secretary, "in connection

200

with, and as a part of, proceedings brought for the revocation or suspension of such license." These regulations purport to deal only with persons licensed under the act and we have seen the licenses are applicable only to those persons engaging in interstate commerce. The appellees are not so engaged and are not bound to follow the procedure specified in the regulations before seeking the aid of a court of equity.

The Secretary of Agriculture is not an indispensable party to this action. This contention of appellants is adequately disposed of in the companion case, Berdie v. Kurtz (C. C. A.) 75 F.(2d) 898. There is no merit in the contention of appellants that the preliminary injunction was improvidently granted under the circumstances of this case.

Order affirmed.

GARRECHT, Circuit Judge (dissenting).

I dissent, for the reasons given in my dissenting opinion in the case of Berdie v. Kurtz (C. C. A.) 75 F.(2d) 898, decided March 4, 1935.