**SMITH, Registrar, v. AMERICAN ASIATIC UNDERWRITERS, FEDERAL, INC., U. S. A.**

**No. 9642.**

Circuit Court of Appeals, Ninth Circuit.

March 2, 1943.

For former opinion, see 127 F.2d 754.

Leighton Shields, Dist. Atty., U. S. Court for China, of Washington, D.C., Frank J. Hennessy, U. S. Atty., and Robert B. McMillan, Asst. U. S. Atty., both of San Francisco, Cal., for appellant A. Viola Smith.

Herbert W. Clark and Garrett H. Elmore, both of San Francisco, Cal., and George F. Richardson, of New York City, for appellee.

Francis M. Shea, Asst. Atty. Gen., Sidney J. Kaplan, Sp. Asst. to Atty. Gen., and J. Frank Staley, Atty. Dept. of Justice, of Washington, D. C., for Jesse H. Jones, Secretary of Commerce.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Following our decision (9 Cir., 127 F.2d 754), appellant and appellee filed petitions for rehearing, and the Secretary of Commerce filed a motion for leave to file an appearance in this court. A rehearing was granted and has been had, and the Secretary's motion has been submitted. Appellant and appellee have consented to and joined in the motion, each expressing the view that, if the motion were granted, the controversy between appellee and the Secretary could be determined on this appeal. Recognizing as we do that such a determination should be had if possible, we now consider whether it is possible, or would be possible if the motion were granted.

█ In our former decision, we left the controversy between appellee and the Secretary undetermined because the Secretary was not a party to this suit or to the judgment therein or to this appeal. The Secretary does not claim to have been a party to this suit. Instead, he states in his motion that he waived joinder of himself as a party, thus emphasizing the fact that he was not a party and never sought to be made a party. It appears from the motion that the Secretary consented that the controversy between appellee and himself be determined in this suit. His consent, however, could not and did not enable the court below—the United States Court for China, hereafter called the China court—to determine that controversy in this suit; for, as said before, he was not a party to this suit.

█ The Secretary's motion is for leave to file an appearance "as a party defendant-appellant." He apparently assumes that we could, by granting his motion, make him a defendant in the suit and an appellant from the judgment therein. The assumption is unwarranted. The Secretary was not made a defendant by appellee or by the China court. No one else could, or can, make him a defendant. And even if he were a defendant, we could not make him an appellant. To become an appellant, he would have to appeal. He has not appealed and could not now do so, the time for appeal having long since expired.[1]

█ Even if the Secretary were an appellant, we could not, on this appeal, determine the controversy between him and appellee, for that controversy has not yet been determined by any court of original jurisdiction. We have no original jurisdiction in cases of this character. Our jurisdiction in such cases is appellate only.[2] It follows that to grant the Secretary's motion would be a futile gesture.

██ We have not been asked to bring the Secretary in as a party appellee by issuing notice to him, as of course we could do if he were a proper party appellee. Miller v. Hatfield, 309 U.S. 1, 60 S.Ct. 374, 84 L.Ed. 535; In re Knox-Powell-Stockton Co., 9 Cir., 97 F.2d 61; Browning v. Boswell, 4 Cir., 209 F. 788. See, also, Stepp v. McAdams, 9 Cir., 88 F.2d 925. In the case at bar, such a request, if made, would be denied; for, not being a party to the suit or to the judgment, the Secretary is not a proper party to the appeal, either as appellee or as appellant.

---

[1] The judgment was entered on May 18, 1940. Hence the time for appeal expired on August 18, 1940. See 22 U.S. C.A. § 194; 28 U.S.C.A. § 230.

[2] See 22 U.S.C.A. § 194; 28 U.S.C.A. §§ 225(a) (5), 400.

▮ The Secretary's motion is not a motion for leave to intervene in this court. If it were, it would be denied upon the authority of United States v. Patterson, 15 How. 10, 12, 14 L.Ed. 578; Thomson Houston Electric Co. v. Western Electric Co., 2 Cir., 158 F. 813; Wenborne-Karpen Dryer Co. v. Cutler Dry Kiln Co., 2 Cir., 292 F. 861; Morin v. Stuart, 5 Cir., 112 F.2d 585. We have not been asked to remand the case with directions to the China court to permit the Secretary to intervene there (cf. Veitia v. Fortuna Estates, 1 Cir., 240 F. 256) and thus obtain a determination of his controversy with appellee. Such a request, if made, would be denied for the following reasons:

▮ The China court is not now functioning. The District Court of the United States for the District of Columbia is functioning. In the District of Columbia appellee (a China Trade Act corporation) has its principal office and an agent upon whom process may be served;[3] and the Secretary has his office there. There he and appellee can, if they choose, obtain a prompt determination of their controversy.[4] They cannot obtain it in China.

▮ This was not a suit by or against the United States. Since neither the Secretary nor the United States was a party to the suit, neither of them appeared therein, by attorney or otherwise. The district attorney of the China court[5] appeared for and represented appellant, but he did not appear for or represent the Secretary or the United States. No question as to the attorney's authority has been raised. Therefore such cases as Western Pacific R. Co. v. United States, 107 U.S. 526, 108 U. S. 510, 2 S.Ct. 802, 27 L.Ed. 806; Mullan v. United States, 118 U.S. 271, 6 S.Ct. 1041, 30 L.Ed. 170; and Causey v. United States, 240 U.S. 399, 36 S.Ct. 365, 60 L.Ed. 711, have no relevancy here.

▮ In the case at bar, two pleadings were filed—appellee's complaint and appellant's answer. Each prayed for a declaratory judgment. In this court it has been suggested that appellant's prayer made this a case of actual controversy within the meaning of § 274d of the Judicial Code, 28 U.S.C.A. § 400. There is no merit in the suggestion. The two prayers (appellee's and appellant's) related to a single controversy. That controversy, we have held, and correctly held, was not a controversy between appellee and appellant, but was one between appellee and the Secretary. Appellant's prayer did not transform that controversy into one between appellee and appellant and hence did not make this a case of actual controversy.

Motion denied, judgment reversed and case remanded for dismissal.

STEPHENS, Circuit Judge (concurring).

I concur.

I desire to add a comment in regard to a theory that has been advanced but has not been specifically treated in the main opinion. It is argued that even conceding the correctness of the points covered in the main opinion that the Registrar, in herself praying for declaratory relief, in effect appeared in court as a litigant in her own right. That is to say, since she has the right to institute proceedings for the revocation of petitioner's charter and a different opinion exists between her and petitioner as to whether or not certain facts are valid ground for revocation, she has the right under the declaratory relief statute to go into court and have that difference adjudicated prior to suing for revocation.

I think we need not affirm or deny this contention because the pleadings do not support the premise. It appears from the pleadings that petitioner has applied to the Secretary to be allowed to amend its certificate of incorporation, but that the Secretary has refused to give his consent to amending the certificate until the controversy between him and petitioner has been adjudicated. This suit is brought in order that this impasse shall be overcome. Thus it appears to a certainty that the controversy is not one to assist the subordinate Registrar at all but to settle a long standing controversy between the petitioner and the Secretary of Commerce. In these circumstances the indefinite prayer of the Registrar will not be tortured into a meaning that her pleading constitutes an affirmative application for relief to herself.

We have not been furnished authentic information regarding the recently reported new American and Chinese treaty, which, if unauthorized reports are borne

---

[3] See 15 U.S.C.A. §§ 144(b) (2), 160.

[4] See 15 U.S.C.A. § 142(d); 28 U.S. C.A. § 53.

[5] See 22 U.S.C.A. § 197.

out, has or will abolish American extraterritoriality in China and carry with it the extinguishment of the United States Court for China. In the circumstances we are unable to consider any possible effect this treaty may have upon pending appeals from that court.

DENMAN, Circuit Judge (dissenting).

A. The holding of the majority has decided a federal question in conflict with the decision of the Supreme Court in Morgan v. United States, 298 U.S. 468, 475, 56 S.Ct. 906, 80 L.Ed. 1288. That case holds that when a function is created in a federal officer, there of adjudication in the Secretary of Agriculture, as here in the Registrar resident in China, of litigating in his own name an actual controversy with the corporation in the United States Court for China, the whole function must be exercised by the officer in whom it is vested.

Such conflict of decisions transcends any mere interpretation of the China Trade Act. It concerns the power of all federal officers to whom Congress has delegated the performance of specific functions.

The majority holds that, although the Congress has specifically created the Registrar the litigating agent of the government in China, first to determine that "he is satisfied" there is a justification for litigating, and then to sue the China Trade corporation to revoke its corporate license, the corporation has no "actual controversy" with the Registrar. To me it seems obvious that Congress makes the controversy between these two Congressionally created litigants an "actual" one.

How acute as well as actual the controversy between the Registrar and the corporation, appears from the facts alleged in the complaint that unless the corporation divested itself of insurance company shares which the Registrar claimed were held in violation of the Act, she declared that she would institute proceedings to revoke the certificate of incorporation. The Secretary made it a condition precedent to his consideration of a proposed amendment to the corporation's certificate, that this controversy between the Registrar and the corporation must first be adjudicated.

I do not agree with the concurring opinion's view of this situation. To the contrary, it seems clear that the pleading shows the disjunction between two controversies with different officials performing different functions. One is with the Secretary, in his *administrative function* with respect to *approving amendments to the certificate* under section 9(c) of the Act, 15 U.S.C.A. § 150(c). The other, a controversy with the Registrar concerning her function as a Congressionally created *litigant* to determine the need for a *revocation of the certificate* and to litigate, if the necessity is so determined, under section 20. It is entirely possible that, if the Registrar maintain her contention that the corporation has violated the law, the Secretary will refuse the amendment and the certificate be revoked.

Equally obvious seems the Congressional intent not to have destroyed the investment of the shareholders of the corporations it sought to have created to increase our commercial intercourse, subsidized by the remission of a part of the taxes on other commercial corporations[1] without first, the administrative decision of the Registrar, a responsible federal officer, resident in China, over 8,000 miles from the Secretary's office in Washington, that "*he* [the registrar] is satisfied"[2] the corporation should be destroyed; and, second, that as litigant he has persuaded the "United States Court for China" that its destruction is necessary.

Incidentally, I dissent from the majority dictum that the Registrar could have sued to revoke the corporation's certificate in any court other than the former United States Court for China. Section 14 of the China Trade Act, specifically providing that court for the suit by the Registrar, overrides the general provisions of section 20 for suits by or against the corporation

[1] Revenue Act 1921, § 264, as added by Act Sept. 19, 1922, § 21, 42 Stat. 855, Int. Rev.Code, 26 U.S.C.A. § 262(a) and all Acts between 1923 and 1942.

[2] "The registrar may, in order to ascertain if the affairs of a China Trade Act corporation are conducted contrary to any provision of this chapter, or any other law, or any treaty of the United States, or the articles of incorporation or by-laws of the corporation, investigate the affairs of the corporation. The registrar, whenever he is satisfied that the affairs of any China Trade Act corporation are or have been so conducted, may institute in the United States Court for China proceedings for the revocation of the certificate of incorporation of the corporation. * * *" 42 Stat. 853, 15 U.S.C.A. § 154.

upon its contracts, torts or other causes of action. To hold otherwise makes inane the specific provision for the particular court in China. Congress intended that a tribunal, readily accessible to witnesses and in the local atmosphere of the China trade, should determine whether the stockholders' enterprise, encouraged by such Congressional aid, should be destroyed.

The high responsibility of the functions of the Registrar with regard to entering into an actual controversy with the corporation concerning its destruction, is apparent from the Act which groups them under the title "Revocation of Certificate of Incorporation," covering sections 14, 15 and 16. 42 Stat. 853.

In section 15, to enable the Registrar to determine whether he is satisfied to proceed, he is empowered (a) to administer oaths and issue subpoenas for the production of documents and attendance of and examination of witnesses whether within or without China; (b) to initiate contempt proceedings for contumacy of witnesses, etc., (c) to compel incriminating testimony with the protection of exemptions from prosecution, and (d) to obtain access to any book, account, record, paper, or correspondence for himself or person authorized "by him" and to take copies thereof.

The specific vesting by Congress of such powers in a federal officer in distant China, to enable him to come to a conclusion to "*his*" satisfaction as to the need of litigating in *his* own name with the corporation,

is not the creation of a mere deputy to the Secretary.

Nothing could make the situation clearer than a pleading by the Registrar in the suit in his name that "I am not satisfied that the 'affairs of the corporation are [or have been] conducted' in violation of any provision of the Act; nevertheless, and solely at the request of the Secretary of Commerce, the following allegations are made by me." Clearly no cause of action would be stated.

The general supervisory powers of the Secretary conferred by section 3 of the Act cannot mean the power of performing for the Registrar his specifically delegated function of section 14 of determining, to the latter's satisfaction, that the Act has been violated. No doubt the Secretary could remove the Registrar, but his supervisory power no more entitles him to decide for the Registrar a question delegated by Congress for the latter's decision, than can an appellate court, invoked to exercise its supervisory powers in mandamus, determine how the court below shall decide any question. Interstate Commerce Commission v. United States, 289 U.S. 385, 393, 53 S.Ct. 607, 77 L.Ed. 1273.

With such broad powers in a federal officer, a suit by him in his name against the corporation, involved an actual controversy between him and his defending opponent. Hence the China Trade Act corporation is as much entitled to its declaratory judgment[3] in a suit against the Regis-

---

[3] All the parties are agreed that the United States Court for China is one of the "courts of the United States" of the Declaratory Judgment Act, Section 274d of the Judicial Code, 28 U.S.C.A. § 400. The majority so assumes in its exercise of jurisdiction to determine that the Secretary is a necessary party. It certainly is not a court of any other country.

However that may be, section 4086 of the Revised Statutes, 22 U.S.C.A. § 145, provides for consular courts: "*System of laws to be applied.* Jurisdiction in both criminal and *civil matters* shall, *in all cases, be exercised and enforced in conformity with the laws of the United States*, which are hereby, so far as is necessary to execute such treaties, respectively, and so far as they are suitable to carry the same into effect, *extended over all citizens* of the United States in those countries, * * *." (Emphasis supplied.) And Section 4 of the Act of June 20, 1906, 22 U.S.C.A. § 195, for the United States Court for China, pro-

vides: "*Law applicable to determination of cases.* Jurisdiction of the United States Court for China, both original and on appeal, *in civil* and criminal matters, * * * shall in all cases be exercised in conformity with the * * * laws of the United States now in force in reference to the American consular courts in China, * * *." (Emphasis supplied.)

The laws of the United States to be applied in the "civil matters" which "citizens of the United States" may litigate, as provided above, I take to mean the laws existing and controlling the respective civil matters at the time the litigating parties engage in them. That is to say, the laws referred to are not confined to those existing in 1860 when Section 145, supra, was first enacted, but include the laws of 1934 giving litigants, citizens, and others, the right to seek a declaratory judgment.

Further, the Declaratory Judgment Act is procedural in character. Ætna Life Ins. Co. v. Haworth, 300 U.S. 227, 240,

trar to determine whether the Registrar was entitled to initiate litigation against it, as were the tobacco warehousemen in Currin v. Wallace, 306 U.S. 1, 5, 59 S.Ct. 379, 83 L.Ed. 441.

B. Alternatively, the holding decides a federal question in conflict with the decision of the Supreme Court in Causey v. United States, 240 U.S. 399, 401, 36 S.Ct. 365, 60 L.Ed. 711, and cases there cited, if it be assumed that the Registrar, whom Congress requires to sue in his own name upon *his* satisfaction, after *his* investigation of the need to litigate, is a mere subordinate litigating agent of the Secretary of Commerce. The Registrar by Congressional act litigates in his own name for the Secretary's actual controversy with the China Trade Act corporation, just as the local district attorney litigates in the name of the United States the latter's controversies in the above cases. The Secretary may show in this court his authorization to bring the suit on his behalf in the Registrar's name, just as the Attorney General showed *on the argument* in the Supreme Court in Causey v. United States, supra, that he, as the Attorney General, the alter ego of the United States for that purpose, authorized his subordinate to bring the suit on behalf of the United States.

C. The majority decision is also in conflict on an important federal question with the decision of the Circuit Court of Appeals for the Eighth Circuit in Elder v. Western Mining Co., 280 F. 569, 578, assuming that the Secretary is an interested party to the suit brought by his litigating agent on the claim that the "actual dispute" with the corporation is the Secretary's. There the Eighth Circuit held that an interested party, not appearing below, is entitled to intervene in the appellate court if, as with the Secretary of Commerce here, the intervenor is controlled by the same issues and facts and the same legal interests as one of the appealing parties.

Jurisdiction exists to decide constitutional and other important questions in suits against subordinate departmental officials without joining the Secretaries, under whose general supervision these subordinates performed their official functions. Here the Registrar is sued by the party against which only the Registrar can bring suit.

In State of Colorado v. Toll, 268 U.S. 228, 45 S.Ct. 505, 69 L.Ed. 927, the court enjoined an unwarranted interference with the sovereign rights of the State of Colorado in a suit against a park superintendent, to which the superior officer was not a party. In the earlier case of State of Missouri v. Holland, 252 U.S. 416, 40 S.Ct. 382, 64 L.Ed. 641, 11 A.L.R. 984, the constitutionality of the Migratory Bird Treaty Act, 16 U.S.C.A. § 703 et seq., was adjudicated in a suit brought by the State of Missouri against a game warden of the United States. In Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446, the Supreme Court passed upon the constitutionality of regulations promulgated by the Secretary of the Interior under authority derived from the National Industrial Recovery Act, 48 Stat. 195, in a suit brought against subordinate federal officials in a federal district court in Texas, to which the Secretary of the Interior was not a party. The Supreme Court's opinion in the case last cited did not refer to the nonjoinder of the Secretary of the Interior, although the point had been raised in the circuit court of appeals and decided adversely to the government's contention. Ryan v. Amazon Petroleum Corp., 5 Cir., 71 F.2d 1, 8. These cases, as well as various lower federal court decisions,[4] show there is not an absolute lack of jurisdiction when the superior officer is not joined.

The Secretary's petition for a joinder here, with his submission to our decision

---

57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. Congress has specifically delegated to the United States Court for China the power to make its rules of procedure. 22 U.S.C.A, § 196. It has exercised that power in the following rule: *"Declaratory Judgments.* The procedure for obtaining declaratory judgment pursuant to Section 274d of the Judicial Code, as amended, U.S.C.A. Title 28, Sec. 400, shall be in accordance with these rules. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for declaratory judgment and may advance it on the calendar."

Rule 57, China Federal Rules of Civil Procedure.

[4] Berdie v. Kurtz, 9 Cir., 75 F.2d 898; Darger v. Hill, 9 Cir., 76 F.2d 198; Rood v. Goodman, 5 Cir., 83 F.2d 28; Yarnell v. Hillsborough Packing Co., 5 Cir., 70 F.2d 435, 92 A.L.R. 1475; See State of Washington v. United States, 9 Cir., 87 F.2d 421, 427.

240

on the merits on the contentions of the appellant Registrar and on the record should be granted. The case should not be ordered dismissed and should be heard on its merits.