### UNITED STATES v. THOMSON et al.

United States District Court
S. D. New York.
Sept. 24, 1953.

J. Edward Lumbard, New York City, for plaintiff.

Herman B. Goodstein, New York City, for defendants.

EDELSTEIN, District Judge.

Defendants move for summary judgment in an action against them as executors of the estate of their testator for an obligation on a surety bond claimed to have been incurred by the decedent. The surety bond was executed in connection with a lease by the United States, pursuant to statutory authority, of space within the Army Supply Base at Boston. In 1931 the United States commenced an action against the lessee, as principal obligor, and a co-surety with the testator under the bond, in the United States District Court for the District of Massachusetts. The testator, being a resident of New York, was not joined in that action. An answer was filed, but after the lapse of more than two years, the case was dismissed without prejudice for lack of prosecution, in accordance with a local general rule of the Massachusetts Federal District Court. That rule also provided that any case so dismissed (because of lack of prosecution for two years preceding the first day of January in each year) might be revived and restored to the docket upon a showing of good cause within two months (i. e., on or before the following March 1). The case was restored to the docket under this proviso, but subsequently dismissed, restored and dismissed for a third time on January 3, 1938. The case has never since been restored to the docket of the Massachusetts court.

The motion for summary judgment is urged on the grounds (1) that the last decree of dismissal in the Massachusetts court operates as an adjudication on the merits rendering res judicata the issue of the obligation of the principal obligor, and consequently, the issue of the surety obligation of the decedent's estate, and (2) that the United States is barred from prosecuting this claim by the New York statute of limitations.

The defendants argue that the last dismissal "without prejudice" under the local rule of the Massachusetts Federal District Court was converted into a dismissal "with prejudice", or an adjudication on the merits, by the subsequent failure to revive and restore the case to the docket within two months, under the proviso to the rule. Neither counsel has cited nor has my research discovered an appropriate case in point. Rule 41(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides that a dismissal under that subdivision "and any dismissal not provided for in this rule," (with exceptions not relevant here) operates as an adjudication upon the merits unless the court in its order for dismissal otherwise specifies. Dismissal under the local rule is a dismissal not provided for in Rule 41 (nor is it in conflict with Rule 41(b), Burns Mortgage Co., Inc., v. Stoudt, D.C., 2 F.R.D. 219; Adams v. Jarka Corporation, D.C., 8 F.R.D. 571. Thus, assuming the applicability of Rule 41(b), the Massachusetts court has, in its order of dismissal, "otherwise" specified, so as to prevent the rendering of an adjudication upon the merits. The passage of two months' time eliminated the possibility of reviving and restoring the case to the docket. But the dismissal order of the court remains as one "without prejudice". Reference to the order of dismissal in Rule 41(b) does not, it seems to me, extend to a local court rule, so that the latter may have the effect of cancelling a term of the former. On the contrary, it would appear that the local court rule serves an entirely different purpose, that of regulating the court's dockets, and it must be viewed in the light of the inherent power of a court to keep its dockets clear rather than in the light of adjudicating merits of controversies. See, Burns Mortgage Co., Inc., v. Stoudt, D.C., 2 F.R.D. 219; Moore's Federal Practice (2nd ed.), vol. 5, § 41.11[2], page 1036. Adjudication upon the merits of controversies is a function of court orders, and the Massachusetts court has not by its order adjudicated any merits. Of course, the exercise of control over a court's dockets may in many cases be, for all practical purposes, tantamount to an adjudication on the merits. In Canning v. Hackett, D.C.D.Mass., 3 F.Supp. 460, 461, involving the very rule here discussed, the court stated that after the two month period the "final disposition of the case" could not be disturbed. The holding of the court was a denial of plaintiff's motion to restore the

case to the docket. The plaintiff was barred from continuing that particular action in that court, and without the availability of another forum, the adjudication might as well have been on the merits as far as that plaintiff is concerned. Cf., United States v. Fischer, D.C.E.D.N.Y., 16 F.Supp. 743. The plaintiff here is not attempting to restore the dismissed case to the docket of the Massachusetts court, and does not contend that it would be entitled to. It is pressing a different case in a different forum, and hence is not precluded by the docket regulation of the first forum. Since the judgment of dismissal previously entered in the Massachusetts forum was not an adjudication upon the merits in favor of the principal obligor, it is not res judicata on the issue of the surety's obligation. United States v. American Surety Co., 2 Cir., 56 F.2d 734.

The defendants' second ground for summary judgment is that the claim is barred by the New York statute of limitations (specifically § 46 of the Civil Practice Act). The problem, however, is whether the United States can thus be barred. It is not disputed that the general rule holds the United States immune from state time limitations, but it is argued that the rule is applicable only when the Government is acting in a sovereign capacity. "If it comes down from its position of sovereignty, and enters the domain of commerce, it submits itself to the same laws that govern individuals there." Cooke v. United States, 91 U.S. 389, 398, 23 L.Ed. 237. Cases are cited which, by dictum and analogy, appear to support this position as applicable to a bar of the United States by a state statute of limitations. In Weber v. Board of Harbor Commissioners, 18 Wall. 57, at page 69, 85 Wall. 57, at page 69, 21 L.Ed. 798, the opinion states: "Where lands are held by the State simply for sale or other disposition, and not as sovereign in trust for the public, there is some reason in requiring the assertion of her rights within a limited period, when any portion of such lands is intruded upon, or occupied without her permission, and the policy of the statute would be carried out by restricting its application to such cases." The decision in the case,

however, was that the State of California had functioned, under a statute, in a sovereign capacity and was not barred by limitation. In U. S. v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283, it was said that the authority of a state to impose a time limitation on the jurisdiction of a probate court, effective against a claim by the United States, "might be conceded". But this concession referred only to the power of a state to determine the limits of the jurisdiction of its probate court, and the decision denied the power of the state to invalidate a claim by the United States because of a lapse of time. In Causey v. United States, 240 U.S. 399, 36 S.Ct. 365, 367, 60 L.Ed. 711, a suit to recover public lands and not involving a statute of limitations, it was held that the Government, in disposing of its public lands does not assume the attitude of a "mere seller of real estate", and consequently the Government was not required to make a tender of scrip received in payment, as a private litigant would be required to do. It is urged that this case gives rise to the implication that the Government may be a "mere seller of real estate", with no more rights than any other private litigant, and that the facts of the instant case come within the scope of that implication. But the attempted analogy is too thin, resting as it does on implication of a positive fact from a negative statement of position and involving an entirely different legal issue. In United States v. Miller, 8 Cir., 28 F.2d 846, 61 A.L.R. 405, the barring of the United States by a statute of limitations was in issue. The opinion of the court accepted the contention that the United States might hold property merely as an individual, and thus be barred by statute, but the decision was that sovereign rights were asserted and the statute was not a bar. Chesapeake & Delaware Canal Co. v. United States, 250 U.S. 123, 39 S.Ct. 407, 63 L.Ed. 889, also held that the United States was not precluded by a statute of limitations on the ground that it was asserting a sovereign or governmental right.

It would indeed appear from the venerable and respectable dicta cited, and from the stated grounds of the decisions, that

the United States might, in the holding and disposition of property, "come down from its position of sovereignty" and thus be subject to a state time limitation. But not a single case has been cited or found in which the United States has been held barred by a state statute of limitations because the Government had abandoned its sovereign capacity. In this connection, at least, the reason may be that "The United States do not and cannot hold property, as a monarch may, for private or personal purposes." Van Brocklin v. State of Tennessee, 117 U.S. 151, 158, 6 S.Ct. 670, 674, 29 L.Ed. 845. Or as put more recently "Every acquisition, holding, or disposition of property by the Federal Government depends upon proper exercise of a constitutional grant of power." United States v. Allegheny County, 322 U.S. 174, 182, 64 S.Ct. 908, 913, 88 L.Ed. 1209.

Whatever the answer to that problem is, the Government was not, in this case, a "mere" lessor of real estate. The lease was executed pursuant to statutory authority, 41 Stat. 129, 10 U.S.C. § 1263, 10 U.S.C.A. § 1263. "The right to dispose of property by the United States which is no longer needed, is an essential governmental function in the economic management of governmental affairs, and is recognized by Sec. 3, Cl. 2 of Art. 4 of the Constitution * * *." City of Springfield v. United States, 1 Cir., 99 F.2d 860, 863. The cited clause authorizes leasing as well as selling of Government property. United States v. Gratiot, 14 Pet. 526, 10 L.Ed. 573. Even when the United States is party to an ordinary commercial lease, it exercises a governmental function. Girard Trust Co. v. United States, 3 Cir., 161 F.2d 159. But it is evident from some of the terms of the lease in question that it is not an ordinary commercial contract. For example the Army maintained the right to bar the employment of any labor considered by the Commanding Officer to be objectionable, and all questions under the lease were to be settled by the Commanding Officer or on appeal to the Secretary of War. Thus, whether or not the United States can, as a property holder and lessor, abandon its sovereign position, it has not done so in this case. The United States, therefore, remains immune from the time bar of the New York statute of limitations.

Accordingly, the motion for summary judgment will be denied.