RANDOLPH, Senior Circuit Judge,
concurring:
I write separately to address another justification for affirming the grant of *389 summary judgment for Ateheson. The portions of the investigator’s memorandum plaintiffs cited in response to his summary judgment motion contain many layers of hearsay. See Fed.R.Evid. 801, 802; United States v. Mackey, 117 F.3d 24, 28-29 (1st Cir.1997); United States v. Smith, 521 F.2d 957, 964 (D.C.Cir.1975). Although Judge Robertson did not issue an opinion, I think it plain that, as an experienced trial judge, he ruled in Atcheson’s favor at least in part because none of the materials plaintiffs cited would have been admissible at trial. Two propositions support this ruling. “One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.” Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). And at trial, a claim would be “factually unsupported” if the district court refused to admit evidence offered in support of it. Correctly understood in the context of this case, our decision in Catrett v. Johns-Manville Sales Corporation, 826 F.2d 33 (D.C.Cir.1987), does not alter either one of these propositions.
Catrett was on remand from the Supreme Court’s decision in Celotex. The question on remand was whether the district court had “properly granted summary judgment in favor of an asbestos manufacturer in a suit brought by the survivor of a victim of asbestosis.” 826 F.2d at 33. In opposition to the company’s motion for summary judgment, the survivor-plaintiff cited a letter purporting to show that the victim had been exposed to asbestos. There was some doubt whether the letter constituted admissible evidence. At a hearing on the company’s motion, the letter was placed before the district court. This led our court to “presume that the document was duly considered by the [district] court in reaching its ruling.” Id. at 37. In other words, the district court treated the letter as admissible evidence. And since the company did not object, it could not — “in the circumstances of this case” — object on appeal to this court’s treating the letter as admissible. Id. Thus taking the letter into account, we reversed the grant of summary judgment on the ground that plaintiff had presented enough evidence to show that there was a genuine issue of material fact.
Catrett is not without its detractors. A highly-regarded monograph makes the point that denying summary judgment because the movant did not object to inadmissible evidence “is to equate the movant’s failure to object with a waiver of the objection at trial. There is no basis for doing so, because making an objection at the time of the motion is not required to preserve the objection at trial.” William W. Schwarzer et al., The Analysis and Decision of Summary Judgment Motions 51 (1991). Another problem arises from the fact that a party may move for summary judgment “at any time.” See Fed. R. Civ. Pro. 56(a).[1] There is no apparent reason why a movant, having had its motion denied in light of inadmissible evidence, might not renew the motion and lodge an objection to the admissibility of the nonmovant’s evidence — in which event it would be granted the second time around.
At any rate, I do not believe that, “in the circumstances of this case,” Catrett is controlling. The disputed letter in Catrett was, the court thought, arguably admissible and, without objection, considered admissible by the district judge during the hearing. Catrett, 826 F.2d at 37. Unlike *390 Catrett, in this case we cannot “presume” that Judge Robertson treated the material plaintiffs cited as admissible evidence. Because the material was so clearly inadmissible the presumption must run the other way. No hearing was held in which Atcheson could have voiced an objection to plaintiffs’ material. And circuit precedent, dating back to 1949, requires district judges to ignore inadmissible evidence that fails to comply with Rule 56(e). Jameson v. Jameson, 176 F.2d 58, 60 (D.C.Cir.1949); see also Wash. Post Co. v. Keogh, 365 F.2d 965, 970-71 (D.C.Cir.1966); 10B Charles A. Wright, Athur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2738, at 333 (3d ed.1998). The rule is not optional; it is, we have stressed, “mandatory.” Jameson, 176 F.2d at 60. Absent any showing of a material fact in dispute, district judges are also bound to grant an appropriate motion for summary judgment. Celotex, 477 U.S. at 322, 106 S.Ct. 2548; Keogh, 365 F.2d at 967-68; 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 2728, at 524-25 & n. 11 (3d ed.1998) (noting circuit split).

. A 2009 amendment to Rule 56 provides that, unless a local rule or court order otherwise requires, "a party may move for summary judgment at any time until 30 days after the close of all discovery.” Fed. R. Civ. Pro. 56(c)(1)(A).