### In the Matter of Robert Henry SEVERANCE, Bankrupt.
### Robert Henry SEVERANCE, Appellant,

v.

### UNITED STATES of America, Appellee.

### No. 77-2144.

United States Court of Appeals, Fifth Circuit.

April 10, 1979.

John W. Price, Dallas, Tex., for appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., M. Carr Ferguson, Asst. Atty. Gen., Myron C. Baum, Acting AAG, Tax Div., Wynette J. Hewett, Atty., Gilbert E. Andrews, Chief, Appellate Section, Crombi J. D. Garrett, Dept. of Justice, Washington, D. C., for appellee.

Before BROWN, Chief Judge, and AINSWORTH, Circuit Judge, and CAMPBELL *, District Judge.

* Senior District Judge from the Northern District of Illinois, sitting by designation.

PER CURIAM:

Robert H. Severance appeals the determination of the Bankruptcy Court, affirmed by the District Court, that $39,931.02 which he owes the government is not discharged by virtue of his bankruptcy. We too affirm.

Severance was an officer of the Severance Tool Corporation, which had failed to pay FICA and withholding taxes that it had withheld from employees' wages. On January 29, 1971, the IRS, pursuant to § 6672 of the Internal Revenue Code,[1] imposed on appellant a liability of 100% of the unpaid taxes.[2] On April 17, 1974, appellant filed a voluntary petition in bankruptcy. Soon thereafter, the Government filed a timely claim in bankruptcy proceedings for the $39,931.02. On July 3, 1974, the Court issued an order of discharge.

On October 22, 1974, appellant filed an Application for Determination of Dischargeability of Debt for Federal Taxes, seeking discharge of the § 6672 penalty. On April 2, 1975, the Government moved for summary judgment, and on April 8, 1975, without formally opposing the Government's motion, the appellant filed a motion for summary judgment. On June 3, 1976, the Bankruptcy Court granted the Government's motion, and on April 21, 1977, the Northern District of Texas affirmed.

It is now clear from the intervening decision in *United States v. Sotelo*, 436 U.S. 268, 274, 56 L.Ed.2d 275, 281, 98 S.Ct. 1795, 1801, that a § 6672 liability, whether or not levied within three years preceding bankruptcy, is not dischargeable in bankruptcy, 11 U.S.C.A. § 35(a)(1)(e).[3] Appellant's argument to the contrary bears no merit.

Alternatively, appellant argues for the first time on appeal, that he was not a "person required to collect, truthfully account for, and pay over any tax" within the meaning of § 6672. Since we find no indication in the record that appellant raised this contention or supported it by controverting affidavits before the Bankruptcy Judge, we hold that, on the facts before the Court, summary judgment was properly granted.

AFFIRMED.

---

1. Section 6672 states that

[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. * * *

2. The total amount assessed was $41,959.62. Severance made some payments, reducing the amount to $39,931.02.

3. 11 U.S.C.A. § 35(a)(1)(e) states that

[a] discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (1) are taxes which became legally due and owing by the bankrupt to the United States or to any State or any subdivision thereof within three years preceding bankruptcy: *Provided, however,* That a discharge in bankruptcy shall not release a bankrupt from any taxes (e) which the bankrupt has collected or withheld from others as required by the laws of the United States or any State or political subdivision thereof, but has not paid over; * * *.