# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 14, 2009      Decided February 23, 2010

No. 08-7016

ROBERT BUSH, ET AL.,
APPELLANTS

v.

DISTRICT OF COLUMBIA AND ROBERT ATCHESON,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 05cv01120)

———

*Donald M. Temple* argued the cause and filed the briefs for appellants.

*Mary L. Wilson*, Senior Assistant Attorney General, Office of the Attorney General for the District of Columbia, argued the cause for appellees. With her on the brief were *Peter J. Nickles*, Attorney General, *Todd S. Kim*, Solicitor General, *Donna M. Murasky*, Deputy Solicitor General, and *Stacy L. Anderson*, Assistant Attorney General.

Before: GARLAND, *Circuit Judge*, and EDWARDS and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

Concurring opinion filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: Plaintiffs are six minority members of the Metropolitan Police Department. They sued their supervisor, Lieutenant Robert Atcheson, and the District of Columbia. Atcheson, who is white, allegedly insulted them frequently and profanely, gave them unduly harsh performance evaluations, and denied them equipment, overtime, and promotions – all because of their race. Similarly situated white officers serving under Atcheson allegedly did not receive such harmful treatment. Plaintiffs claimed that Atcheson's conduct and the District's complicity impaired their employment contract (a collective bargaining agreement) for racial reasons, in violation of 42 U.S.C. § 1981, and subjected them to adverse employment actions on the basis of their race, in violation of 42 U.S.C. § 1983. District Judge Robertson dismissed the § 1981 claim against Atcheson. In an order not accompanied by an opinion, he granted summary judgment against plaintiffs on their § 1981 claim against the District and their § 1983 claims against both defendants.

The grant of summary judgment in favor of the District was clearly correct. Plaintiffs have assumed – as shall we – that an element of both their § 1981 and § 1983 claims against the District is the existence of a District policy or custom that served as "the moving force" behind Atcheson's alleged discriminatory conduct. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694-95 (1978). The District's motion for summary judgment, and its statement of material facts not in dispute, contended that plaintiffs had not alleged – and had not cited evidence to support a finding – that the District had the requisite policy or custom.

The burden thus shifted to plaintiffs to produce admissible evidence establishing a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In opposing the District's motion, plaintiffs relied upon several paragraphs in their second amended complaint. This of course did not satisfy their burden. Rule 56(e) of the Federal Rules of Civil Procedure barred them from resting upon "mere allegations."[1] Their obligation was to adduce evidence. But the only supposed evidence they identified was the police chief's resolution of a disciplinary proceeding against Atcheson. According to plaintiffs, the proceeding showed, first, that the police chief knew of Atcheson's conduct at the time and, second, that the chief nevertheless refused to discipline Atcheson. This was wrong on both scores. The disciplinary proceeding took place *after* the events alleged in the complaint and the police chief in fact did discipline Atcheson for his treatment of the officers under his command.

Our *de novo* review of the grant of summary judgment means that we perform the same analysis of the motion as did Judge Robertson. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671-72 (10th Cir. 1998); *Doe v. Gates*, 981 F.2d 1316, 1322 (D.C. Cir. 1993). As to the District, plaintiffs failed to "set forth specific facts showing that there is a genuine issue for trial," as Rule 56(e) required. We therefore agree that the District was entitled to summary judgment on plaintiffs' § 1981 and § 1983 claims.

The grant of summary judgment in favor of Atcheson presents a more complicated picture. Plaintiffs think the district court erred because Atcheson did not submit a statement of

---

[1] Throughout this opinion, references to Rule 56 are to the rule before its amendment in 2007 and 2009.

undisputed material facts, as Local Rule 7(h) required. But this was not necessarily fatal. District courts have discretion to excuse noncompliance with Rule 7(h). *See Arrington v. United States*, 473 F.3d 329, 335 (D.C. Cir. 2006); *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980). Here there was sufficient reason for the court to do so.

As the moving party Atcheson was not bound to present evidence. *See Celotex*, 477 U.S. at 322-24. In his memorandum supporting summary judgment, he maintained that plaintiffs had produced no evidence of racial animus. He also relied upon the depositions of several plaintiffs and their failure to mention any such evidence. *See Celotex*, 477 U.S. at 325; *id.* at 332 (Brennan, J., dissenting). This was enough to place plaintiffs on notice of what they had to present in order to defeat Atcheson's motion. *See McBride v. Merrell Dow & Pharms., Inc.*, 800 F.2d 1208, 1212 (D.C. Cir. 1986).

"[D]epositions, answers to interrogatories, . . . admissions on file," and "affidavits" are the evidentiary materials listed in Rule 56(c) and are the materials "one would normally expect the nonmoving party" to use in showing that there are genuine issues of material fact. *Celotex*, 477 U.S. at 324 (quoting FED. R. CIV. PRO. 56(c)). Plaintiffs referred to no such materials. Instead they cited paragraphs from their complaint and pages from a memorandum addressed to the Police Department's Assistant Chief of the Office of Professional Responsibility. An investigator in the Department's Office of Diversity and Equal Employment Opportunity Compliance prepared the memorandum. On the pages plaintiffs cited, the memorandum summarized statements plaintiffs made to the investigator in interviews. The summaries are not verbatim recitals and they do not represent the investigator's findings of fact or recommendations.

Plaintiffs quite clearly failed to satisfy their obligation under Rule 56(e). The rule states that in responding to a proper summary judgment motion, the nonmoving party, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." The material plaintiffs cited – a police investigator's recital of unsworn statements plaintiffs made to her – did not meet the requirements of Rule 56(e). The Supreme Court held in *Adickes v. S.H. Kress & Company* that a court may not consider unsworn statements in determining whether to grant summary judgment. 398 U.S. 144, 158 n.17 (1970). Relying on Rule 56(e) and *Adickes*, courts regularly decline to consider such material. *See, e.g., Bozeman v. Orum*, 422 F.3d 1265, 1267 n.1 (11th Cir. 2005); *Woloszyn v. County of Lawrence*, 396 F.3d 314, 323 (3d Cir. 2005); *Small v. Lehman*, 98 F.3d 762, 764-65 & n.5 (3d Cir. 1996); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990). We do the same.[2]

In addition, plaintiffs' performance on appeal warrants affirming the judgments against them. The parties used the deferred joint appendix procedure set forth in Federal Rule of Appellate Procedure 30(c). The rule enables the parties to file a joint appendix after they have filed their briefs. In a case with a large record, this may hold a distinct advantage because the appendix can be pared down to contain "only matter that the briefs show to be necessary for consideration by the judges."

---

[2] The district court's Rule 12(b)(6) dismissal of the § 1981 claim against Atcheson may be converted to a grant of summary judgment. *See, e.g., TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 940-941 (D.C. Cir. 2007). We therefore do not decide whether the collective bargaining agreement between plaintiff's union and the District would qualify as an employment contract for purposes of § 1981. The Supreme Court reserved a related question in *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 n.3 (2006).

6

FED. R. APP. P. 30 advisory committee's note (1970 amendments, subdiv. (c)). As Rule 30(c)(2) specifies, the parties file briefs with references to the record and then, after the joint appendix is filed, they file corrected briefs replacing their references to the record with references to the joint appendix. "Except for the correction of typographical errors, no other changes may be made to the brief." FED. R. APP. P. 30(c)(2)(B).

Plaintiffs blatantly violated Rule 30(c). Their initial brief contained relatively few citations backing up the brief's evidentiary assertions and the citations it did contain were to material outside the record. They also violated Rule 10(a), which limits the record on appeal to "papers and exhibits filed in the district court," the transcript of proceedings, and the docket sheet. *See United States v. West*, 392 F.3d 450, 455 n.2 (D.C. Cir. 2004); 10A C. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2716, at 282 (3d ed. 1998).

The District and Atcheson naturally objected in their initial brief. Then plaintiffs filed the joint appendix, followed by a "corrected" brief. This brief also violated the rules. Plaintiffs' corrected brief deleted the off-record citations and, in most instances, substituted new citations to materials in the record. Rule 30(c)(2)(B) prohibited these alterations: the only things they could change were "typographical errors."[3] To make matters worse, plaintiffs' corrected briefs referred to portions of the record they had never brought to the district court's attention. *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009); *Tarpley v. Greene*, 684 F.2d 1, 7 n.16 (D.C. Cir. 1982).

---

[3] Plaintiffs also filed a corrected reply brief. This too violated Rule 30(c)(2)(B).

After we eliminate all impermissible evidentiary citations, even the most charitable reading of plaintiffs' briefs reveals only passing references to a vague and unsupported narrative of a supervisor's harsh treatment of his employees. Such assertions cannot save the officers from summary judgment. Appellate briefs "must contain" citations to the authorities and record that support their arguments. FED. R. APP. P. 28(a)(9)(A). "We have enforced this rule before and we do so here again." *Dunkin' Donuts Mid-Atlantic Distrib. Ctr., Inc. v. NLRB*, 363 F.3d 437, 441 (D.C. Cir. 2004).

*Affirmed.*

RANDOLPH, *Senior Circuit Judge*, concurring: I write separately to address another justification for affirming the grant of summary judgment for Atcheson. The portions of the investigator's memorandum plaintiffs cited in response to his summary judgment motion contain many layers of hearsay. *See* FED. R. EVID. 801, 802; *United States v. Mackey*, 117 F.3d 24, 28-29 (1st Cir. 1997); *United States v. Smith*, 521 F.2d 957, 964 (D.C. Cir. 1975). Although Judge Robertson did not issue an opinion, I think it plain that, as an experienced trial judge, he ruled in Atcheson's favor at least in part because none of the materials plaintiffs cited would have been admissible at trial. Two propositions support this ruling. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). And at trial, a claim would be "factually unsupported" if the district court refused to admit evidence offered in support of it. Correctly understood in the context of this case, our decision in *Catrett v. Johns-Manville Sales Corporation*, 826 F.2d 33 (D.C. Cir. 1987), does not alter either one of these propositions.

*Catrett* was on remand from the Supreme Court's decision in *Celotex*. The question on remand was whether the district court had "properly granted summary judgment in favor of an asbestos manufacturer in a suit brought by the survivor of a victim of asbestosis." 826 F.2d at 33. In opposition to the company's motion for summary judgment, the survivor-plaintiff cited a letter purporting to show that the victim had been exposed to asbestos. There was some doubt whether the letter constituted admissible evidence. At a hearing on the company's motion, the letter was placed before the district court. This led our court to "presume that the document was duly considered by the [district] court in reaching its ruling." *Id.* at 37. In other words, the district court treated the letter as admissible evidence. And since the company did not object, it could not – "in the circumstances of this case" – object on appeal to this court's treating the letter as admissible. *Id.* Thus taking the letter into

account, we reversed the grant of summary judgment on the ground that plaintiff had presented enough evidence to show that there was a genuine issue of material fact.

*Catrett* is not without its detractors. A highly-regarded monograph makes the point that denying summary judgment because the movant did not object to inadmissible evidence "is to equate the movant's failure to object with a waiver of the objection at trial. There is no basis for doing so, because making an objection at the time of the motion is not required to preserve the objection at trial." WILLIAM W. SCHWARZER ET AL., THE ANALYSIS AND DECISION OF SUMMARY JUDGMENT MOTIONS 51 (1991). Another problem arises from the fact that a party may move for summary judgment "at any time." *See* FED. R. CIV. PRO. 56(a).[1] There is no apparent reason why a movant, having had its motion denied in light of inadmissible evidence, might not renew the motion and lodge an objection to the admissibility of the nonmovant's evidence – in which event it would be granted the second time around.

At any rate, I do not believe that, "in the circumstances of this case," *Catrett* is controlling. The disputed letter in *Catrett* was, the court thought, arguably admissible and, without objection, considered admissible by the district judge during the hearing. *Catrett*, 826 F.2d at 37. Unlike *Catrett*, in this case we cannot "presume" that Judge Robertson treated the material plaintiffs cited as admissible evidence. Because the material was so clearly inadmissible the presumption must run the other way. No hearing was held in which Atcheson could have voiced an objection to plaintiffs' material. And circuit

---

[1] A 2009 amendment to Rule 56 provides that, unless a local rule or court order otherwise requires, "a party may move for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. PRO. 56(c)(1)(A).

precedent, dating back to 1949, *requires* district judges to ignore inadmissible evidence that fails to comply with Rule 56(e). *Jameson v. Jameson*, 176 F.2d 58, 60 (D.C. Cir. 1949); *see also Wash. Post Co. v. Keogh*, 365 F.2d 965, 970-71 (D.C. Cir. 1966); 10B C. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2738, at 333 (3d ed. 1998). The rule is not optional; it is, we have stressed, "mandatory." *Jameson*, 176 F.2d at 60. Absent any showing of a material fact in dispute, district judges are also bound to grant an appropriate motion for summary judgment. *Celotex*, 477 U.S. at 322; *Keogh*, 365 F.2d at 967-68; 10A C. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2728, at 524-25 & n.11 (3d ed. 1998) (noting circuit split).