T.C. Memo. 2010-57

UNITED STATES TAX COURT

RICHARD GEORGE BARRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28733-08L.               Filed March 24, 2010.

Richard George Barry, pro se.

<u>Louise R. Forbes</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  The issue for decision is whether respondent may proceed to collect section 6672[1] trust fund recovery penalties (TFRP) by lien for the following periods:

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code.

| Tax Period | Assessed Amount Due | Penalty Assessed |
|---|---|---|
| Mar. 31, 1997 | $3,271.23 | $1,552.53 |
| Sept. 30, 1997 | 2,083.90 | 24.62 |
| June 30, 1998 | 34,620.43 | 15,980.28 |
| Sept. 30, 1998 | 38,293.14 | 17,050.59 |
| Dec. 31, 1998 | 24,921.06 | 11,350.82 |
| Total | | 45,958.84 |

For the reasons stated herein, we sustain respondent's determination to proceed with the collection action.

FINDINGS OF FACT

Petitioner resided in Massachusetts at the time he filed his petition.

Petitioner operated Barry Moving & Storage Services, Inc. (Barry Moving), beginning as early as 1995 and was responsible for overseeing the company's quarterly deposits for employee withholding taxes.  Petitioner filed for bankruptcy under chapter 7 of the Bankruptcy Code, 11 U.S.C. sec. 727, on July 13, 1999, in response to a lawsuit filed against Barry Moving.  The bankruptcy court issued a discharge order on January 4, 2000.

On December 8, 1999, while petitioner's bankruptcy case was still pending, respondent sent petitioner by certified mail a Letter 1153, Trust Funds Recovery Penalty Letter, proposing to assess against petitioner the TFRP of $45,959[2] attributable to unpaid liabilities pursuant to section 6672 for the tax periods

---

[2]Total amount rounded up.

listed above.  The Letter 1153 was sent to petitioner's last known address and informed him that he had the right to appeal or protest the proposed assessment and that he had to mail a written appeal within 60 days of the date of the letter to preserve his right to appeal.  Petitioner did not appeal.

On March 20, 2000, the TFRP were assessed against petitioner as a responsible party for the tax liabilities of Barry Moving. Respondent assessed further TFRP against petitioner for the unpaid employment taxes of Barry Relocation Services, a business operated by petitioner's ex-wife.[3]

On February 5, 2008, respondent recorded a notice of Federal tax lien (NFTL).  The amount of the recorded lien was $40,851. On February 7, 2008, respondent issued to petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320.  In response, petitioner timely submitted a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing).  The sole issue petitioner raised in his CDP hearing request was his underlying liability for the TFRP.

On July 23, 2008, petitioner's CDP hearing was held by telephone.  During the hearing petitioner argued that he was not

---

[3]Before trial respondent's counsel conceded the assessments related to Barry Relocation Services and stated that those amounts would be abated.  Accordingly, assessments related to Barry Relocation Services are moot and will not be discussed in this opinion.

liable for the TFRP because they had been paid by Barry Moving. The settlement officer explained to petitioner that he could raise the underlying liability if he had not otherwise had an opportunity to do so. The settlement officer concluded the CDP hearing by telling petitioner he would review the information provided and inform petitioner of his final determination.

Following the CDP hearing the settlement officer sent petitioner a letter informing him that he was precluded from raising the underlying liability since he received a Letter 1153 pertaining to all tax periods at issue. However, the settlement officer gave petitioner a final opportunity to submit previously requested information to assist in respondent's final determination.

On October 23, 2008, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed lien. On November 26, 2008, petitioner timely filed a petition in this Court challenging respondent's determination.

OPINION

Section 6672(a) imposes a penalty on any person required to collect, truthfully account for, and pay over tax who willfully fails to do so or who willfully attempts to evade or defeat any such tax. Section 6672(b)(1) and (2) provides: (1) That no penalty may be imposed unless the Secretary notifies the taxpayer

in person or in writing by mail to an address as determined under section 6212(b) that the taxpayer shall be subject to assessment for such penalty; and (2) that in-person delivery or mailing of the notice must precede any notice and demand for payment of the section 6672 penalty by at least 60 days.

Petitioner argues respondent abused his discretion in sustaining the proposed lien. Section 6321 imposes a lien in favor of the United States on all property and property rights of a taxpayer liable for taxes after a demand for the payment of the taxes has been made and the taxpayer fails to pay. Section 6320(a) requires the Secretary to send written notice to the taxpayer of the filing of a notice of lien and of the taxpayer's right to an administrative hearing on the matter. At the hearing a taxpayer may raise any relevant issue, including challenges to the appropriateness of the collection action and possible collection alternatives such as an offer-in-compromise. Sec. 6330(c)(2)(A). A taxpayer may contest the validity of the underlying tax liability, but only if the taxpayer did not receive a statutory notice of deficiency or otherwise have an opportunity to dispute the tax liability. See sec. 6330(c)(2)(B); see also Hoyle v. Commissioner, 131 T.C. 197, 199 (2008).

Following the CDP hearing the Appeals officer must make a determination whether the lien filing was appropriate and is required to consider: (1) Whether the Secretary has met the requirements of applicable law and administrative procedure; (2) the relevant issues raised by the taxpayer; and (3) whether the proposed collection action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns that the collection action be no more intrusive than is necessary. Sec. 6330(c)(3).

Petitioner argues that the Appeals officer abused his discretion by denying petitioner an opportunity to challenge the underlying liability at his CDP hearing. Respondent argues that petitioner was not entitled to raise his underlying liability for the TFRP because petitioner received the Letter 1153. Petitioner testified at trial that he did not receive the Letter 1153 respondent issued.

A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000). We find petitioner's testimony that he did not actually receive the Letter 1153 to be credible. Accordingly, we will apply a de novo standard for our

review of the collection action.  See <u>Davis v. Commissioner</u>, 115 T.C. 35, 39 (2000).

At trial petitioner did not contend that he was not liable for the TFRP.  Rather, petitioner argues that the collection action is improper because Barry Moving paid the taxes due. Petitioner testified that quarterly filings and deposits for employee withholding taxes had been consistent and timely since Barry Moving began operations.  However, at trial petitioner was unable to produce bank records or any other documentation supporting his claim that Barry Moving paid the taxes at issue and thus has failed to substantiate that Barry Moving paid them.

Further, petitioner's liability for the TFRP was not discharged in bankruptcy because it is not a dischargeable debt. Although petitioner received a discharge pursuant to chapter 7 of the Bankruptcy Code, not all Federal tax debts are dischargeable. See 11 U.S.C. sec. 523 (2006); <u>Washington v. Commissioner</u>, 120 T.C. 114, 121 (2003).  Section 6672 TFRP are not a dischargeable debt.  The U.S. Supreme Court in <u>United States v. Sotelo</u>, 436 U.S. 268, 282 (1978), held that liability "under Internal Revenue Code § 6672 must be held nondischargeable under Bankruptcy Act § 17(a)(1)(e)."  "Section 17(a)(1)(e) of the Bankruptcy Act * * * was the statutory predecessor of § 523 of the Bankruptcy Code and is essentially the same nondischargeable tax claim language." <u>Clark v. United States</u>, 64 Bankr. 437, 441 (Bankr. M.D. Fl.

1986).  The Supreme Court also stated that despite the reference to the liability as a section 6672 "penalty" the funds involved were in substance "taxes".  United States v. Sotelo, supra at 275; see also In re Spelts, 304 Bankr. 452, 456-457 (Bankr. D. Colo. 2003).  Since Sotelo, Federal courts have held that liability for a section 6672 TFRP is not a dischargeable debt.  See, e.g., Severance v. United States, 593 F.2d 4, 5 (5th Cir. 1979) (finding the section 6672 liability nondischargeable whether or not the liability was levied within 3 years of filing for bankruptcy).  Section 6672 TFRP are therefore nondischargeable under 11 U.S.C. section 523.

In conclusion, because petitioner failed to demonstrate that he paid the amounts at issue and did not contest his trust fund liability under section 6672, and because his liability for the TFRP was not discharged by the Bankruptcy Court, respondent may proceed with collection of the TFRP by lien.

To reflect the foregoing,

An appropriate order of dismissal and decision will be entered.