**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2293**

VICTOR A. WHITTAKER,

            Plaintiff - Appellant,

        v.

MORGAN STATE UNIVERSITY; T. JOAN ROBINSON, Vice President
for Academic Affairs, Morgan State University; CLARA I.
ADAMS, Ph.D. Former Vice President for Academic Affairs,
Morgan State University; BURNEY J. HOLLIS, Ph.D. Dean,
College of Liberal Arts, Morgan State University; MAURICE C.
TAYLOR, Ph.D. Vice President for University Operations,
Morgan State University; JODI CAVANAUGH, J.D. Diversity and
Equal Employment Officer, Morgan State University; RANDAL
REED, Ph.D. Professor of Economics, Morgan State University;
EARL S. RICHARDSON, Ph.D. Vice President for Academic
Affairs, Morgan State University, individually and in his
official capacity,

            Defendants - Appellees,

        and

DAVID WILSON, Ed.D President, Morgan State University;
ADRIENNE MCCLUNG, Student, Morgan State University; GIOVANNI
LAWRENCE, Student, Morgan State University,

            Defendants.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.    James K. Bredar, District Judge.
(1:09-cv-03135-JKB)

Submitted:  May 6, 2013                 Decided:  May 30, 2013

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Valerie Ibe, LAW OFFICES OF C. VALERIE IBE, Pikesville, Maryland, for Appellant. Douglas F. Gansler, Attorney General of Maryland, Julia Doyle Bernhardt, Assistant Attorney General, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor A. Whittaker, a former tenured economics professor at Morgan State University ("MSU"), appeals the district court's entry of summary judgment in favor of MSU in Whittaker's civil action, which challenged MSU's conduct related to the termination of his employment there. Applying de novo review to the district court's summary judgment determination, see Webster v. U.S. Dep't of Agric., 685 F.3d 411, 421 (4th Cir. 2012), we affirm.

The viability of Whittaker's appeal depends, in large part, on whether the district court properly decided that it would not consider for purposes of its summary judgment determination an unsworn letter written by Brandon Smith, one of Whittaker's former students. To withstand a summary judgment motion, the nonmoving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial, and in this case, Smith's letter was the sole evidence for several factual assertions going to the heart of Whittaker's case against MSU. See Fed. R. Civ. P. 56(c)(1); Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc., 673 F.3d 294, 299 (4th Cir. 2012); Pension Ben. Guar. Corp. v. Beverley, 404 F.3d 243, 246-47 (4th Cir. 2005).

We discern no abuse of discretion in the district court's decision to exclude Smith's letter from its

3

consideration.  See Nader v. Blair, 549 F.3d 953, 963 (4th Cir. 2008) (noting that the district court's determination regarding the admissibility of evidence for summary judgment purposes is reviewed for an abuse of discretion).  While a party may support its position on summary judgment by citing to almost any material in the record, the party's reliance on that material may be defeated if "the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).

We are persuaded that this is precisely what happened here.  Smith's unsworn letter was attached only to Whittaker's affidavit.  As a result, any of Whittaker's representations about the letter's content would be inadmissible hearsay.  See Fed. R. Civ. P. 56(c)(4); Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996) ("[S]ummary judgment affidavits cannot be conclusory or based upon hearsay." (citations omitted)).

Nor do we accept Whittaker's argument that the mere notarization of Smith's unsworn letter was sufficient to require the district court to consider it for purposes of summary judgment and assume its truth.  See, e.g., Hoover v. Walsh, 682 F.3d 481, 491 n.34 (6th Cir. 2012); Owens v. Hinsley, 635 F.3d 950, 954-55 (7th Cir. 2011); Bush v. Dist. of Columbia, 595 F.3d 384, 387 (D.C. Cir. 2010); Harris v. J.B. Robinson Jewelers, 627

4

F.3d 235, 239 n.1 (6th Cir. 2010); <u>DIRECTV, Inc. v. Budden</u>, 420 F.3d 521, 530-31 (5th Cir. 2005); <u>Orr v. Bank of Am., NT & SA</u>, 285 F.3d 764, 774 (9th Cir. 2002); <u>Orsi v. Kirkwood</u>, 999 F.2d 86, 92 (4th Cir. 1993). Even in this court, Whittaker essentially admits that he would have difficulty locating Smith and presenting the letter or its contents "in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). We therefore conclude that the district court did not reversibly err in concluding that Whittaker could not produce admissible evidence to support the assertions contained in Smith's letter. <u>See</u> Fed. R. Civ. P. 56(c)(1)(B), (c)(2).

Given that the district court acted well within its discretion in excluding Smith's letter, we have no trouble, on the circumstances of this case, in concluding that the district court properly entered summary judgment against Whittaker's 42 U.S.C. § 1983 (2006) due process and First Amendment claims, as well as against his claim of retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (2006).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5