T.C. Memo. 2019-52

UNITED STATES TAX COURT

RUDY ROSENBERG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13226-13L.                    Filed May 15, 2019.

Rudy Rosenberg, pro se.

Lydia A. Branche and Marco Franco, for respondent.

MEMORANDUM OPINION

COLVIN, Judge: In this collection due process (CDP) case, petitioner has

invoked our jurisdiction, pursuant to section 6330(d)(1),[1] over respondent's

_____

[1]Section references are to the Internal Revenue Code, as amended and in
effect at all relevant times. Rule references are to the Tax Court Rules of Practice
and Procedure. Petitioner resided in New Jersey when he filed the petition in this

(continued...)

[*2] determination to uphold a notice of intent to levy. The case is before the Court on respondent's second motion for summary judgment, petitioner's second motion for summary judgment, and several other motions filed by petitioner.

In his petition, petitioner disputed respondent's determination that he had any underlying tax liability for 2003. In the second motion for summary judgment respondent contends that petitioner may not dispute respondent's determination because, during remand of this case, respondent provided an opportunity for petitioner to dispute the existence and amount of his tax liability but petitioner failed to do so. Thus, the issue for decision with respect to respondent's second motion for summary judgment is whether facts alleged by respondent showing that petitioner did not contest the existence or amount of his underlying tax liability during remand of this case are genuinely in dispute. As discussed below, we hold that none of the allegations and contentions in petitioner's second motion for summary judgment put in genuine dispute any of the facts material to respondent's motion or otherwise justify granting petitioner's second motion for summary

---

¹(...continued)
case. The petition in this case predates the effective date of the amendment to sec. 7482(b) clarifying appellate venue in CDP cases. See Protecting Americans from Tax Hikes Act, Pub. L. No. 114-113, sec. 423(a), 129 Stat. at 3123 (Dec. 18, 2015).

**[*3]** judgment. Thus, we will deny petitioner's second motion for summary judgment and grant respondent's second motion for summary judgment.

<u>Background</u>

A.   <u>Notice of Deficiency for 2003</u>

A copy of the envelope that contained the notice of deficiency for 2003 is in the record. The envelope has a certified mail label with an article No. 7105 5678 7185 4047 5266. The post office notified petitioner three times in February 2008 of its attempts to deliver the notice of deficiency to petitioner's post office box, as shown by the appearance on the lower right portion of the envelope of three handwritten dates: "2/14/08", "2-19", and "2-29". The envelope is stamped "RECEIVED MAR 10 2008 MEMPHIS, TENN IRS-MIRSC" and "UNCLAIMED" and has a postal barcode at the bottom. Part of the notice of deficiency, dated February 11, 2008, and addressed to petitioner's post office box in New Jersey, is visible through a window on the front of the envelope. The certified mail number on the certified mail label matches the article number on the notice of deficiency. Petitioner did not accept the envelope or give any reason (such as illness or travel) for not accepting it.

**[*4]** B.      2012 Collection Due Process Hearing

On August 15, 2012, respondent sent petitioner a final notice of intent to levy with respect to what respondent determined was the amount of petitioner's unpaid income tax for 2003.

Petitioner timely requested a CDP hearing. On October 26, 2012, Settlement Officer (SO) Bankston sent petitioner a letter in which she stated that she had scheduled a telephone CDP hearing for November 27, 2012. SO Bankston also stated that, before she could consider a collection alternative, petitioner must file all required Federal income tax returns and provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. That telephone hearing did not take place because of disruptions caused by Hurricane Sandy. In a letter to petitioner dated March 29, 2013, SO Bankston said that she had rescheduled the telephone CDP hearing for April 30, 2013, and asked petitioner to call her at the stated time. Petitioner did not do so.

On May 10, 2013, respondent sent petitioner a notice of determination concerning collection action (notice of determination). The notice of determination said that petitioner had received a notice of deficiency for tax year 2003 and that he was, therefore, not permitted to challenge respondent's

[*5] determination of the existence or amount of his underlying tax liability for 2003. The notice of determination also stated that petitioner had not filed a timely Federal income tax return for 2003, that the Internal Revenue Service (IRS) had prepared a substitute for return pursuant to section 6020(b), and that "[a] review of the administrative file indicates that statutory and administrative requirements that needed to be met with respect to the proposed levy have been satisfied."

C.    Petition in and Remand of This Case

Petitioner timely petitioned this Court on June 11, 2013. In the petition, he disputed only respondent's determination that he had any underlying tax liability for 2003.

Respondent filed the first motion for summary judgment on March 12, 2014. We denied that motion without prejudice on May 8, 2014, and remanded the case to the IRS Appeals Office to allow it to consider whether petitioner had had a prior opportunity to dispute respondent's determination of his tax liability for 2003 and to permit it to further consider petitioner's collection case.

D.    Events During Remand

On remand AO Pleasants spoke with petitioner on June 25, 2014, and offered petitioner an opportunity to resolve the existence and amount of his

[*6] underlying tax liability for 2003.[2] AO Pleasants described this conversation in a letter dated June 26, 2014, in which AO Pleasants said petitioner had 15 days to provide additional information to support his position, including a signed copy of his 2003 Federal income tax return. According to AO Pleasants' case activity record: (1) petitioner did not provide this information; (2) when AO Pleasants telephoned petitioner on July 23, 2014, petitioner said he had not received the June 26, 2014, letter; and (3) after confirming petitioner's address, AO Pleasants reiterated the content of the letter. AO Pleasants' case activity record states that petitioner told him that he would not submit documentation during remand unless he received a Court order instructing him to do so. After speaking with petitioner, AO Pleasants returned the case file to SO Bankston.

According to SO Bankston's case activity record, she telephoned petitioner on July 28, 2014, to discuss (1) AO Pleasants' decision to sustain the proposed levy action and return the case to the SO, (2) whether petitioner had received the notice of deficiency, and (3) whether the notice of deficiency and AO Pleasants' June 26, 2014, letter had been sent to petitioner's last known address. Also

---

[2]AO Pleasants' letter to petitioner dated June 26, 2014, refers to the June 25 phone call. Respondent's case activity records document a phone call from SO Bankston to petitioner on June 25, 2014, to advise him that the case was being transferred to AO Pleasants.

[*7] according to her case activity record, SO Bankston told petitioner that, although AO Pleasants had given him another opportunity to discuss the existence and amount of his underlying tax liability, he had failed to take advantage of that opportunity.

E.     Supplemental Notice of Determination

After remand the Appeals Office issued a supplemental notice of determination concerning collection action (supplemental notice of determination), dated August 19, 2014.  In the supplemental notice of determination, the Appeals Office determined, inter alia, that:  (1) petitioner had failed to cooperate with Appeals Officer (AO) Pleasants during the supplemental CDP hearing and failed to submit the requested 2003 Federal income tax return or any information that would support not imposing the levy, (2) the notice of deficiency was mailed via certified mail to petitioner's address of record (the New Jersey address), (3) the post office made three attempts to notify petitioner of the certified mail delivery, and (4) it was returned marked "UNCLAIMED".  The Appeals Office asserted that it is presumed that the notice of deficiency was mailed to the correct address.  It determined that petitioner intentionally refused to claim the notice of deficiency and therefore is deemed to have received that notice and is precluded from challenging respondent's determination of the existence and

**[\*8]** amount of his underlying tax liability for 2003. The Appeals Office also concluded that it had properly verified that the requirements of all applicable law and administrative procedure were followed in the processing of petitioner's case and that the collection action balanced the Government's need for the efficient collection of taxes with petitioner's concern that the collection action be no more intrusive than necessary. In the supplemental notice of determination the Appeals Office sustained the notice of intent to levy.

Discussion

A.      <u>Summary Judgment</u>

Summary judgment is designed to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); <u>see</u> <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).

**[*9]**     In deciding whether to grant summary judgment the Court must consider the factual materials and inferences drawn from them in the light most favorable to the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Bond v. Commissioner, 100 T.C. 32, 36 (1993); Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

Rule 121(d) provides:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party [here, petitioner] may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or declarations or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine dispute for trial. * * *

The nonmoving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument.  Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).[3] A single nonconclusory affidavit, based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment.  Lupyan v. Corinthian Colleges Inc., 761 F.3d 314, 320-321 (3d Cir. 2014).  The nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the

---

[3]The non-Tax Court cases cited in this paragraph were decided under Fed. R. Civ. P. 56, on which our Rule 121 is in large part modeled.  Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974).

**[\*10]** 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Thus, if the nonmoving party does not allege and provide evidence showing that there is a genuine dispute for trial, then decision may be entered against the nonmoving party.  Rule 121(d); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559-560 (2000); Rivas v. Commissioner, T.C. Memo. 2017-56; Schropp v. Commissioner, T.C. Memo. 2010-71, aff'd, 405 F. App'x 800 (4th Cir. 2010).

B.    Whether Facts Alleged by Respondent To Show That Petitioner Refused To Cooperate During the Remand of This Case Are Genuinely in Dispute

Respondent contends that petitioner may not contest the existence or amount of his underlying tax liability because, during remand, respondent provided an opportunity for petitioner to dispute his tax liability and petitioner did not take advantage of that opportunity.  Respondent is entitled to summary judgment if those facts are not genuinely in dispute.

The affidavits or declarations and attachments (comprising copies of documents from the administrative record) accompanying respondent's second motion for summary judgment show the following.  AO Pleasants spoke with petitioner on June 25, 2014, and offered him an opportunity to resolve the dispute

[*11] over his underlying tax liability for 2003. A copy of the letter memorializing that conversation and requesting that petitioner supply his 2003 Federal income tax return is in the record. AO Pleasants' call to petitioner on July 23, 2014, was followed by a call to petitioner from SO Bankston on July 28, 2014. During the telephone call on July 23, 2014, petitioner said he would not submit documentation to the IRS unless he received a Court order instructing him to do so.[4]

Respondent's factual assertions relating to respondent's second motion for summary judgment are supported by affidavits, declarations, copies of letters, and case activity records described in the affidavits as being contemporaneously maintained by AO Pleasants and SO Bankston. Thus, respondent's motion was "made and supported as provided in * * * [Rule 121]". Thus, under Rule 121(d), we next decide whether, by "affidavits or declarations or as otherwise provided in this Rule", petitioner has raised any genuine factual issues for trial.

---

[4]Consistent with the taxpayer's obligation to provide relevant information during the CDP. hearing process, a taxpayer in a CDP case may not properly condition participation in a CDP hearing, including the production of reasonably requested documents, on the receipt of a Court order instructing him or her to do so. Cf. Pough v. Commissioner, 135 T.C. 344 (2010); Barry v. Commissioner, T.C. Memo. 2010-57.

**[*12]** Petitioner did not file an objection to respondent's second motion for summary judgment or include an affidavit with his second motion for summary judgment. In his motion petitioner alleges that respondent's personnel manipulated the record, manufactured evidence, violated his administrative rights, and engaged in prohibited ex parte communications between the Appeals SO and respondent's counsel in this case. Petitioner has not provided credible support for these claims. Petitioner does not contend that he offered any information relating to his tax liability for 2003 during remand. Generally, a taxpayer must raise an issue at a CDP hearing to preserve it for review by this Court. Perkins v. Commissioner, 129 T.C. 58, 63 (2007); Magana v. Commissioner, 118 T.C. 488, 493-494 (2002); Gentile v. Commissioner, T.C. Memo. 2013-175, at *6, aff'd, 592 F. App'x 824 (11th Cir. 2014). The merits of an issue are not properly raised if the taxpayer fails to present information about the existence or amount of his underlying tax liability after being given a reasonable opportunity to do so. Cropper v. Commissioner, 826 F.3d 1280, 1289 (10th Cir. 2016), aff'g T.C. Memo. 2014-139; Portwine v. Commissioner, T.C. Memo. 2015-29, at *8, aff'd, 688 F. App'x 838 (10th Cir. 2016); Delgado v. Commissioner, T.C. Memo. 2011-240; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. During remand

**[*13]** petitioner provided no support for the allegation in his petition that he owes no tax for 2003.

In his second motion for summary judgment petitioner contends that the Court's remand of this case was improper because respondent should not have been afforded an opportunity to supplement the record. We disagree. We may remand a case to the Appeals Office for further hearing in appropriate circumstances. See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001). After remand we properly review the CDP determination and record as supplemented. Kelby v. Commissioner, 130 T.C. 79, 86 (2008). The Appeals Office on remand is not limited to the original administrative record because the purpose of remand is often to augment a deficient record. See Hoyle v. Commissioner, 136 T.C. 463 (2011), supplementing 131 T.C. 197 (2008); Lunnon v. Commissioner, T.C. Memo. 2015-156, at *18, aff'd, 652 F. App'x 623 (10th Cir. 2016).

The SO who conducted the original CDP hearing also conducted the supplemental CDP hearing. Petitioner contends that a different SO should have been assigned to petitioner's supplemental CDP hearing. We disagree. A CDP hearing may be provided by an Appeals officer or employee within the Appeals Office who has had no prior involvement with respect to the unpaid tax before the first hearing under section 6330 or section 6320. Sec. 6330(b)(1), (3); see Offiler

[*14] v. Commissioner, 114 T.C. 492, 496 (2000).  Prior involvement exists only when (1) the taxpayer, the tax, and the tax period at issue in the CDP hearing also were at issue in a prior non-CDP matter and (2) the Appeals officer or employee actually participated in the prior matter.  Crescent Manor, Inc. v. Commissioner, T.C. Memo. 2017-94, at *17; sec. 301.6330-1(d)(2), Q&A-D4, Proced. & Admin. Regs.  Any personnel eligible to work on petitioner's CDP hearing are also eligible to work on his supplemental CDP hearing.  See Med. Practice Sols., LLC v. Commissioner, T.C. Memo. 2010-98, supplementing T.C. Memo. 2009-214.

Petitioner contends that he is not subject to income tax because he was residing in the United States during the relevant period on a temporary visa, but he provided no support for this contention.

Petitioner contends that he received insufficient notice of the April 30, 2013, telephone CDP hearing because, according to petitioner, SO Bankston's March 29, 2013, letter was not mailed until April 24, 2013.  Regardless of the date of mailing of that letter, it would not change our conclusion that respondent provided to petitioner an opportunity on remand to challenge the existence or amount of his underlying tax liability.

Petitioner disputes respondent's allegation that petitioner was uncooperative during the supplemental CDP hearing.  However, petitioner has provided no

[*15] credible affidavits or other support for his claim. Petitioner does not claim that he provided any of the documents requested by SO Bankston and AO Pleasants. Thus, petitioner has not raised a genuine factual dispute on this point.

Petitioner denies that he had a CDP hearing before or after remand of this case. Respondent's records show otherwise. A CDP hearing may be conducted face-to-face, by telephone, or by the exchange of correspondence. Katz v. Commissioner, 115 T.C. 329 (2000); see also sec. 301.6330-1(d)(2), Q&A-D6 and D7, Proced. & Admin. Regs. A series of telephone conversations between a taxpayer and an AO may constitute a CDP hearing. Dinino v. Commissioner, T.C. Memo. 2009-284. AO Pleasants spoke with petitioner and sent him a letter requesting that he supply his 2003 tax return.

In his second motion for summary judgment petitioner contends that, contrary to respondent's records, he received no phone calls from AO Pleasants on June 25 or July 23 and that he did not receive the June 26 letter. In Berckeley Inv. Grp., Ltd., 455 F.3d at 201, the U.S. Court of Appeals said:

> In deciding the motion for summary judgment, our job is to ascertain solely whether there is a dispute of material fact * * * Although the non-moving party receives the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the non-moving party must point to some evidence in the record that creates a genuine issue of material fact. In this respect, summary judgment is essentially "put up or shut up" time for the non-

[*16] moving party:  the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument. * * * [Citations omitted.]

A single nonconclusory affidavit, based on personal knowledge and directed at a material issue, is sufficient to defeat summary judgment even if the affidavit is "self-serving", because the testimony of a litigant could almost always be said to be "self-serving".  Lupyan, 761 F.3d at 320-321, 321 n.5.  Summary judgment is properly granted where, for example, the opposing party submitted extensive sworn testimony as evidence of its claim, United States v. $17,900.00 in U.S. Currency, 859 F.3d 1085, 1092-1093 (D.C. Cir. 2017), or a supporting affidavit, Arrington v. United States, 473 F.3d 329, 337-338 (D.C. Cir. 2006), but denied where the opposing party provided no affidavit and made "mere allegations" because the party's obligation was to adduce evidence, Bush v. District of Columbia, 595 F.3d 384, 386 (D.C. Cir. 2010).

These cases support granting respondent's second motion for summary judgment because petitioner submitted no affidavit with his own second motion for summary judgment.  Instead in his motion petitioner raised numerous unsubstantiated arguments relating primarily to respondent's conduct in this case. Implausible assertions made by the nonmoving party need not be believed if

**[*17]** documents or objective evidence contradicts the nonmoving party's story.

Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 575 (1985).

Petitioner's denials in his second motion for summary judgment that he received mail, including certified mail, and phone calls, without any allegation that the address or phone number respondent used was not correct, or that he was traveling, ill, or otherwise unable to receive mail or phone calls, do not constitute a genuine issue of fact with respect to respondent's second motion for summary judgment. We will grant respondent's second motion for summary judgment. Petitioner has not raised any persuasive grounds for granting, and thus we will deny, his second motion for summary judgment.

C.    Petitioner's Motions

In addition, the following motions filed by petitioner are pending: (1) motion to amend order; (2) motion to dismiss for lack of jurisdiction; (3) motion to correct order; (4) motions to impose sanctions; (5) motions for leave to conduct discovery pursuant to Rule 70(a)(2); (6) motions to clarify orders; (7) motion to preclude; and (8) cross-show cause motion for summary judgment and other relief.

**[\*18]** 1.     Motion To Amend Order

In his motion to amend order petitioner claims that the Court's May 8 and August 8, 2014, orders are contradictory and asks that we clarify the reasons for the August 8, 2014, order.  We have reviewed those orders and we find no contradiction or lack of clarity.  Thus, we will deny petitioner's motion.

2.     Motion To Dismiss for Lack of Jurisdiction

In his motion to dismiss for lack of jurisdiction petitioner asserts that the Court lacks jurisdiction because respondent has not proved that the notice of determination was issued or that it was served on petitioner.  We disagree.

Our jurisdiction in a CDP case under section 6330 requires the issuance of a valid notice of determination and the filing of a timely petition for review.  Rule 330(b); Orum v. Commissioner, 123 T.C. 1, 8 (2004), aff'd, 412 F.3d 819 (7th Cir. 2005); Sarrell v. Commissioner, 117 T.C. 122, 125 (2001); Moorhous v. Commissioner, 116 T.C. 263, 269 (2001); Offiler v. Commissioner, 114 T.C. at 498.

To be timely, a petition invoking our jurisdiction must be filed within 30 days of the date of issuance of a notice of determination.  Sec. 6330(d)(1).  A petition that is timely mailed is timely filed.  Sec. 7502(a).  The Appeals Office issued a final notice of determination concerning collection action to petitioner on

[*19] May 10, 2013.  Thirty days thereafter was June 9, 2013, a Sunday.  The last day for filing an appeal of the notice of determination was Monday, June 10, 2013, which was not a legal holiday.  See sec. 7503.  The petition was sent on June 10, 2013, by UPS 2nd Day Air A.M., which is a designated private delivery service, see Notice 2004-83, 2004-2 C.B. 1030,  and was received by the Court and filed on June 11, 2013.  The petition was timely filed because it was sent by UPS 2nd Day Air A.M. on June 10.  See id.  Therefore, we will deny petitioner's motion to dismiss for lack of jurisdiction.[5]

3.    Motion To Correct Order

In his motion to correct the Court's May 8, 2014, order, petitioner alleges that the following statement in that order is incorrect:  "Petitioner contends that respondent's motion for summary judgment should be denied because, among other things, the Appeals Officer incorrectly concluded that a notice of deficiency for tax year 2003 was delivered to petitioner in Florida."  The sentence to which petitioner objects states (incorrectly, in his view) an argument of petitioner's.  Petitioner in essence seeks to have us state and endorse certain of his contentions.

---

[5]Petitioner also filed a motion to dismiss for lack of jurisdiction as to tax year 2003.  Our jurisdiction in this case is established in the text accompanying this note.  In the motion petitioner also raises additional arguments that we have previously rejected.  Thus we will deny petitioner's motion to dismiss for lack of jurisdiction as to tax year 2003.

[*20] Petitioner's point referred to in the order has no bearing on whether there is a genuine dispute of fact relating to either of respondent's grounds for summary judgment.  Thus, we will deny petitioner's motion as moot.

4.    Motions To Impose Sanctions

In his motions to impose sanctions, petitioner alleges that:  (1) SO Bankston's declaration accompanying respondent's first motion for summary judgment falsely stated that petitioner was served with the notice of deficiency for 2003 at a New Jersey address in 2008 and at a Florida address in 2011; (2) the notice of determination dated May 10, 2013, falsely stated that petitioner had a CDP hearing in April 2013; (3) the supplemental notice of determination dated August 19, 2014, which was sent to petitioner as an attachment to respondent's status report dated September 4, 2014, falsely stated that petitioner had a CDP hearing during the summer of 2014; (4) respondent failed to produce documents requested by petitioner; (5) the Court is abusing its discretion and is engaging in an extensive judicial overreach of authority; (6) the Court is engaging in ex parte communications with respondent; (7) respondent did not respond to petitioner's discovery requests and has not allowed him to physically inspect respondent's records; and (8) respondent issued to petitioner a notice of deficiency with respect to his 2012 tax year to retaliate against him for his position in the instant case and

[*21] because he made a complaint to Michael Fiore, IRS deputy area counsel, alleging abuse of process by two IRS attorneys in connection with this case.

Petitioner has not substantiated his allegations that respondent made false statements and engaged in abuse of process or that respondent issued a notice of deficiency for tax year 2012 to retaliate against him for making complaints and for his position in this case. The declarations of SO Bankston in support of respondent's motions for summary judgment include the complete administrative record of the case as of the dates of those declarations, including the record of the case on remand to Appeals and the supplemental notice of determination. Petitioner's remaining allegations are frivolous and/or groundless. Therefore, we will deny petitioner's motions to impose sanctions.

5.    <u>Motions for Leave To Conduct Discovery and To Take Depositions</u>

In his motions for leave to conduct discovery petitioner seeks (1) discovery and leave to take depositions of respondent, fee waiver of any related costs to this action, and a hearing with regard to respondent's second motion for summary judgment and (2) to exclude evidence from the supplemental CDP hearing.

Petitioner provides no credible evidence to support his allegations that respondent committed fraud on the Court by making misrepresentations regarding

**[\*22]** whether a CDP hearing was conducted in April 2013 and whether a supplemental CDP hearing was conducted in June and July 2014.

Under Rule 70(a)(2), leave of the Court is not required to conduct discovery before a case is set for trial. Petitioner's motion to take depositions of respondent was flawed because petitioner did not name any individuals to be deposed or provide the time and place of the deposition or the officer before whom the deposition was to be taken. See Rule 74(a). In addition respondent provided petitioner with the complete administrative record as attachments to respondent's motions for summary judgment.

The Appeals Office may supplement the administrative record during the remand of a case. The purpose of remand is often to augment a deficient record. See Hoyle v. Commissioner, 136 T.C. 463; Lunnon v. Commissioner, at \*18. When we remand a case and the Appeals Office issues a supplemental notice of determination, we review the determination as supplemented. Kelby v. Commissioner, 130 T.C. at 86. Petitioner's remaining allegations are rebutted by the declarations and activity logs in this case. Therefore, we will deny petitioner's motions for leave to conduct discovery.

**[\*23]** 6.     Motions To Clarify Orders

In his first motion to clarify order petitioner seeks an order clarifying the Court's December 9, 2014, order. In that order the Court noted that respondent had filed respondent's second motion for summary judgment along with supporting declarations and ordered petitioner to file a response by January 15, 2015. Petitioner made numerous allegations in his motion which are not supported by the record and/or are frivolous or groundless. Therefore, we will deny petitioner's first motion to clarify order.

In his second motion to clarify order petitioner requests that the Court clarify why it denied petitioner's motion to certify for interlocutory appeal.

This Court may certify an interlocutory order for immediate appeal if: (1) a controlling question of law is involved, (2) substantial grounds for a difference of opinion are present as to that question of law, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. Sec. 7482(a)(2)(A); Rule 193(a). Failure to meet any one of the three requirements is grounds for denying certification. Gen. Signal Corp. v. Commissioner, 104 T.C. 248, 251 (1995), aff'd on other grounds, 142 F.3d 546 (2d Cir. 1998); N.Y. Football Giants, Inc. v. Commissioner, T.C. Memo. 2003-28. We did not certify this case for

**[*24]** interlocutory appeal because petitioner did not identify in his motion any controlling question of law that meets this standard.

### 7. Motion To Preclude

In his motion to preclude petitioner contends that respondent violated section 6103 by disclosing his confidential taxpayer information in respondent's second motion for summary judgment and in SO Bankston's declaration and attachments and using this case to put it into the public record. We disagree. Section 6103(h)(4)(A) provides in pertinent part that returns and return information may be disclosed in a Federal or State judicial or administrative proceeding pertaining to tax administration where the taxpayer is a party to the proceeding or the proceeding arose out of, or in connection with, the collection of the taxpayer's civil tax liability. Section 6103(h)(4)(A) applies to respondent's filings in this case.

Petitioner alleges that respondent has violated Rule 228 by filing respondent's first motion for summary judgment, which includes exhibits pertaining to petitioner's return information. Rule 228 applies to disclosure actions filed in this Court under section 6110 and so does not apply in this case.

Petitioner claims that the disclosure of this information through the Court's electronic system via the internet improperly placed petitioner's confidential

**[*25]** records into the public domain.  We disagree.  While, for example, all of this Court's opinions and orders may be viewed by the public on this Court's website, generally speaking only parties and their counsel have remote electronic access to underlying factual materials (e.g., exhibits attached to motions) filed by the parties.  See Rule 27(b).  We will deny petitioner's motion to preclude.

8.      Petitioner's Cross-Show Cause Motion for Summary Judgment and Other Relief

By order dated June 26, 2018, the Court ordered that for each pending motion, the nonmoving party shall file a response no later than August 10, 2018, and that not later than September 10, 2018, the moving party may file a response to each response filed by the other party.  Respondent complied with that order by filing responses to petitioner's pending motions and serving them upon petitioner through the Court's eAccess portal.  The Court gave both parties an equal opportunity to respond to the Court's June 2018 order, but the Court did not receive any properly filed pleadings from petitioner with regard to motions filed by respondent.  Instead, petitioner sent emails to the Court's webmaster and other Court email addresses from August through October 2018 in which he claimed to be having difficulties with electronic filing using the Court's eAccess portal.

**[\*26]** On October 2, 2018, we ordered petitioner to file paper copies of the responses we requested in our June 26, 2018, order. We ordered the Clerk of the Court to mail a copy of our October 2, 2018, order to petitioner at his address of record and to attach a copy of the June 26, 2018, order. The record does not show that there was any return mail on this order.

Pleadings and other papers may be filed with the Clerk of the Court in paper form or filed electronically using the Court's eAccess portal. The Court does not accept or file emails sent to the Court. Rule 21(b) generally provides that service of papers on another party shall be by mail or by delivery. This includes pleadings and other papers mailed or hand delivered to the Court. Id. The Court also accepts for filing papers submitted, signed, or verified by electronic means that comply with procedures established by the Court, i.e., the Court's eAccess portal. Rule 26(a). We do not consider petitioner's email submissions.

Petitioner sent to the Court correspondence dated November 6, 2018, which was stamped received by the Court on November 14, 2018, and which is titled "Cross-Show Cause Motion for Summary Judgment & Other Relief". That document was not accepted for filing because it contains multiple motions, and it therefore does not comply with Rule 54(b).

[*27] To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.